plaintiff seeks, and she can disclose the same, and that consequently the information sought is within the knowledge and reach of the plaintiff. This argument would be in any case somewhat fallacious, but under the facts disclosed in these appeal papers it is shown by the affidavit of the young woman that she never had illicit connection with any person except the defendant. It is not reasonable, therefore, to argue from this that the plaintiff must be prepared to meet the allegations in the answer without further information; for a party, in preparing for trial, particularly in cases of this character, where reputation and personal chastity are involved, must not only be ready to meet the facts as he understands them, but also to meet the many allegations, whether true or false, that are set up to defeat a recovery. The order appealed from should be affirmed.

---

### DEMINGS *v.* SUPREME LODGE KNIGHTS OF PYTHIAS OF THE WORLD.

*(Supreme Court, General Term, Fifth Department.* June 2, 1891.)

1. MUTUAL BENEFIT INSURANCE—NON-PAYMENT OF ASSESSMENTS—BURDEN OF PROOF.
    In an action on a mutual benefit insurance certificate, where forfeiture on the ground of non-payment of an assessment is relied on as a defense, and non-payment of such assessment has been proven, the burden is still on defendant company to show that the assessment was regularly and properly levied according to its laws.
2. SAME—DECLARATIONS OF ASSURED.
    The declarations of a member of a mutual benefit insurance company, made after the certificate was issued, are not admissible, as against the beneficiary, to prove a forfeiture of the certificate by non-payment of assessments.

Appeal from circuit court, Erie county.

Action by Ellen Demings against the Supreme Lodge of Knights of Pythias of the World. From a judgment entered on the verdict of a jury, and also from an order denying the defendant's motion for a new trial, defendant appeals. The general term adopted the opinion of Mr. Justice CHILDS, delivered on a motion before him for a new trial, which opinion is as follows:

"This action was brought by the plaintiff upon a beneficiary certificate issued by the defendant to George Demings, her husband, whereby the defendant, in consideration of the payment thereafter by George Demings of all assessments as required, and the compliance with all laws governing the rank, and of his being in good standing under the laws, agreed to pay to Ellen Demings, plaintiff, as directed by said George Demings in his application, or to such other person or persons as he might subsequently direct by will or otherwise, the sum of one thousand dollars. The complaint, among other things, alleged the issuing of the certificate of membership by defendant to said George Demings, set forth in the complaint, whereby the defendant, ' in consideration of the payment hereafter to said endowment rank of all assessments as required, and the full compliance with all the laws governing this rank now in force, or that may hereafter be enacted, and shall be in good standing under said laws, agreed to pay the sum of one thousand dollars to Ellen Demings, plaintiff, as directed by said George Demings in his application for such membership;' and further alleged that said George Demings, during his life-time, duly complied with and performed all the above-mentioned terms and conditions of said certificate of membership on his part, and complied with all the laws, rules, and regulations governing said defendant and said section 419, endowment rank, and that said contract and agreement was, at the time of the death of said Demings, in full force and effect. The defendant, by his answer, admitted substantially all the allegations of the complaint except the allegation that said Demings, during his life-time, complied with and performed all the terms and conditions of the said contract and agreement with the defendant, which was denied. In the sixth clause of the defendant's answer, it was alleged that, on or about the 22d day of November, 1884, an assessment was duly made, in pursuance of the laws governing

said endowment rank, and upon George Demings, among others; that due and proper notice of such assessment was given to and received by said George Demings, pursuant to the by-laws of the defendant; that said Demings neglected and refused to pay said assessment, and, for failure to pay the same as required, was duly suspended from said class of the endowment rank, and forfeited all claims upon the endowment fund belonging to said class as provided in and by said contract. Upon the trial the defendant admitted the issuing of the certificate of membership to George Demings; that Demings died at the city of Buffalo on the 5th day of February, 1889, and that the plaintiff is the beneficiary mentioned in said certificate; that the plaintiff gave due notice to the defendant of the death of said George Demings, and caused to be prepared and served upon said defendant due proofs of said death, September 23, 1889, and thereafter demanded the sum of one thousand dollars from the defendant, payment of which was refused. After placing in evidence the certificate set forth in the complaint and the application referred to in said certificate, the defendant admitted that there was at the time of the death of the said George Demings over one thousand members of the defendant's society. Plaintiff here rested her case. Defendant's counsel read in evidence the general laws and constitution for the government of sections of the endowment rank, adopted by the defendant August, 1880; also the general laws and constitution for the government of sections of the endowment rank, adopted by the defendant April 30, 1884, and in force at the time of the death of George Demings; and then called as a witness one William Fraize, who was the secretary and treasurer of section 419 of the endowment rank of the Knights of Pythias, of which section said George Demings was a member in his life-time, and offered to prove by said witness and others 'that a notice was received from the supreme secretary of the supreme lodge, together with notices of assessment from them for mailing; that the secretary duly notified the said George Demings of the levying of the assessments 66 and 67; that he, the said Demings, received those notices of assessment; that he failed within thirty days thereafter to pay such assessment; that he was called upon personally afterwards by the secretary to pay it; that the said Demings then notified the secretary that he intended to pay no more assessments, and stated to said secretary and treasurer that the lodge should suspend him, and accordingly, after the expiration of thirty days, the fact was reported to branch 491, and he was declared suspended for non-payment of his dues, and that fact was reported by the secretary to the supreme lodge, and that he has never since paid any of his dues or assessments.' The plaintiff objected to this offer, and the objection was sustained by the court, and the evidence excluded, upon the ground that the defendant was required to establish the fact that the assessment for the non-payment of which the defendant claimed the forfeiture was regularly and properly levied, according to the laws of the defendant. No further testimony being offered, the court thereupon directed a verdict for the plaintiff for $1,262.50, the amount agreed to be paid in said certificate, with interest thereon, to which ruling the defendant's counsel duly excepted.

"The correctness of the ruling upon this offer presents the only question to be examined upon this motion. It will be observed that the offer embraced two distinct propositions: *First*, the offer to show the service upon George Demings by the secretary and treasurer of a notice received from the supreme secretary of the defendant, as a full compliance with the laws of the defendant justifying the suspension of Demings in the event of the non-payment of such assessment, and the consequent forfeiture of all rights of the plaintiff under the certificate mentioned; *second*, the declarations of George Demings, made after the issuing of said certificate, for the purpose of defeating any right of plaintiff thereunder. The introduction of the certificate in evidence established the good standing of George Demings at the time it was issued, and the same will be presumed to have continued until the contrary appears;

and the burden was on the defendant to show that, by the violation of some
law of the defendant, the deceased had lost his good standing. *Supreme
Lodge* v. *Johnson*, 78 Ind. 110.   Such being the rule, the question is sharply
presented as to whether the proof of the non-payment of an assessment no-
tified to the deceased, as in this case, would satisfy the rule, and cast the
burden upon the plaintiff of establishing the fact that the assessment was im-
properly or illegally made.   I am not able to assent to this proposition, as
claimed by the defendant, but, on the contrary, am of the opinion that the
burden of establishing this pivotal fact rests with the defendant until the end,
and that, if a forfeiture of membership and benefits is claimed, the defendant
must affirmatively establish the fact that the assessment was properly and le-
gally made within the laws, rules, and regulations of the defendant, and that the
service of a notice as claimed in this case would not, even *prima facie*, es-
tablish the legality of the assessment.   This question does not appear to have
been considered by any of the courts in this state, but was considered in the
court of appeals of Kentucky in *Society* v. *Helburn*, 2 S. W. Rep. 495.   In
an elaborate opinion by BENNETT, J., whose conclusion seems to be well sup-
ported by the authorities cited, which is to the effect that, in making assess-
ment upon its members, a corporation of the character of this defendant does
not act in a judicial, but in a ministerial, capacity, and that no presumption can
arise in favor of the regularity or legality of its assessments.   That a deceased
member of the society should have died; that his representative was entitled
to a benefit arising from his death; and that an assessment upon all the sur-
viving members was actually made for the purpose of paying said assess-
ments,—are conditions precedent to the right of the society to demand pay-
ment of an assessment from any of its members, and the society must show
affirmatively that the assessment was made in the manner indicated; other-
wise the member cannot be said to be in default.   It is true that the question
here decided arose upon demurrer, but the pleadings presented substantially
the same issue as in this case, and necessarily required the question now un-
der consideration to be determined by the court.   In that determination I.
concur, and do not understand the defendant to insist, upon this motion,
that the court was in error in ruling that the defendant was required to es-
tablish, as part of his affirmative defense, the legality of the assessment in
question, but to rely upon the second proposition involved in the offer quoted.
This proposition presents the single question as to whether a member of a
rank of the defendant who has, in the certificate received by him, indicated
the person to whom, in case of his death, the benefit should be paid, can, by
his declaration made after the rights of the parties are thus fixed, defeat the
rights of such beneficiary under the certificate.   I do not think that any
declaration of the member can have the effect of terminating his membership,
and working a forfeiture of the rights of the beneficiary named in the certifi-
cate, but that, to entitle the corporation to suspend or expel a member, and
thus deprive the beneficiary named in its certificate of any rights thereunder,
it must strictly observe the rules and laws, and that, whenever it asserts a
forfeiture, it must affirmatively establish such compliance with its rules and
laws.   The purpose of proving the statement of Demings, as contained in the
offer, could only be to excuse proof by defendant of the regularity of the as-
sessment, the alleged non-payment of which furnished the ground for his
suspension; for it is quite plain that, with proof of the regularity of the as-
sessment in question, and non-payment thereof followed by suspension of
Demings, the defense would be complete, and the statements wholly imma-
terial.   Again, that part of defendant's offer now under consideration was to
prove—*First*, a refusal to pay the particular assessment in question, which
we have seen is quite immaterial, in the absence of proof of the legality of
the same; and, *second*, to prove the request of the member for his suspension,
and that his branch thereafter, upon report of such request, and in pursuance

thereof, did suspend him, and thereby terminate and put an end to the rights of plaintiff under the certificate. It would not seem necessary to say that the defendant could only terminate the membership of Demings in the manner and for a cause pointed out and provided for in its laws, and, this not being one of the causes so provided, that the action referred to did not, as against this plaintiff, work the result claimed. It is unquestioned that evidence of the declaration of Demings would be competent, in connection with proof of the legality of the assessment, for the purpose of establishing notice to him of the assessment and his refusal to pay, but such evidence cannot establish the fact of the legality of such an assessment, as against the beneficiary. Her rights cannot be disposed of in this manner, and such was the ruling on the trial. The evidence offered was excluded only upon the statement of defendant's counsel that he was unable to prove further or different facts than those embraced in the offer.

"The cases referred to by the defendant do not, upon examination, seem to be in conflict with the views expressed. This question was considered and determined adversely to the claim of the defendant in *Supreme Lodge* v. *Schmidt,* (Sup. Ct. Ind.) 98 Ind. 374; and also in *Lazensky* v. *Supreme Lodge,* (Cir. Ct. S. D. N. Y.) 31 Fed. Rep. 592. No reason is perceived why the rule established in these cases should not be followed. To hold that the rights of a beneficiary in such a certificate could be wholly defeated by some declararation or admission made by the member would not only be opposed to the current of authority, but would open the door to the grossest frauds. The member is dead. Plaintiff has no means of contradicting or disproving any statement made as to such declaration or admission, and is left wholly at the mercy of any person who would, through any evil motive, be prompted to give false testimony. While it is not asserted that such would be the natural or probable result of such a holding, yet it is deemed to be much better that the rule should exclude the possibility of such injustice. My conclusion is that the ruling of the court upon the propositions here presented was correct, and that the motion should be denied, with ten dollars costs."

Argued before DWIGHT, P. J., and MACOMBER, J.

*Charles B. Wheeler,* for appellant, *Samuel M. Welch,* for respondent.

PER CURIAM. Judgment and order appealed from affirmed.

---

### PEOPLE *v.* JEFFERY.

### SAME *v.* SEELEY.

*(Supreme Court, General Term, Fifth Department. June 2, 1891.)*

INDICTMENT—CRIME NOT PRESCRIBED BY CODE—FALSE PRETENSES.

An indictment which charges defendant with "the crime of obtaining property under false pretenses" does not allege a crime, since there is no such crime in Pen. Code N. Y., but, by chapter 4, obtaining property under false pretenses is declared to be larceny.

Appeal from court of sessions, Niagara county.

Indictments against John O. Jeffery and Hezekiah Seeley, respectively, for obtaining goods under false pretenses. Demurrers to the indictments were sustained, and the people appeal.

Argued before DWIGHT, P. J., and MACOMBER, J.

*F. King,* Dist. Atty., for the People. *D. E. Brong* and *Richard Cowley,* for respondents.

MACOMBER, J. The defendants in the above cases were, on the 13th day of December, 1890, indicted by the grand jury of Niagara county. Two days thereafter they demurred to the indictment upon the grounds—*First,* that it did not state facts sufficient to constitute a crime; *secondly,* that it charged