ELLEN DEMINGS, Respondent, *v.* THE SUPREME LODGE, KNIGHTS OF PYTHIAS, OF THE WORLD, Appellant.

Acts done by a corporation which require the existence of other acts to make them legally operative are presumptive proofs of the latter.

Defendant, a corporation organized for the purpose, among others, of insuring the lives of its members, issued a certificate to D., agreeing to pay to plaintiff, the beneficiary named, $1,000 upon the death of D., if then a member in good standing. The certificate stated that any violation of the laws of the corporation, which were made part of the contract, would render all claims under it void. The by-laws provide for an assessment of a sum specified upon the death of a member, if, after paying a benefit, there remain in the fund belonging to the class of which the deceased was a member, a sum less than sufficient to pay a benefit, and require each member of the class, upon receiving notice of the assessment, to immediately pay the same, and in case of neglect for thirty days, declare that the defaulting member shall stand suspended, and forfeit all claims upon the fund. In an action upon the certificate, defendant offered to prove by the secretary of the section that he received from the proper officer, whose duty it was to furnish them, notices of two assessments upon members of the class to which D. belonged, that he duly notified D. of these assessments, which he failed to pay within thirty days, and notified the secretary that he did not intend to pay any more assessments. This evidence was objected to and excluded on the ground that defendant had not shown that the assessments were regularly made according to the law of the order. *Held,* error; that notice from the officer whose duty it was to ascertain whether there was sufficient in the fund to make another assessment was presumptive proof that there was not and that the assessment was necessary.

*Demings* v. *Supreme Lodge K. of P.* (60 Hun, 350), reversed.

(Argued March 10, 1892; decided March 22, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 2, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles B. Wheeler* for appellant. George Demings having directed the defendant to terminate his membership in the

insurance rank, and the direction having been acted upon by the defendant, and his name having been accordingly dropped from the roll of members, he ceased to be a member by virtue of these acts, and he and his beneficiary named in the certificate forfeited any and all claims upon the endowment fund. (*Swift* v. *R. P. & F. C. B. Assn.*, 96 Ill. 312; *Smith* v. *N. B. Society*, 51 Hun, 577; *Barton* v. *Association*, 63 N. H. 538; *DePuyster* v. *Pulver*, 3 Barb. 287; *Botsford* v. *Burr*, 2 Johns. Ch. 405; *Hart* v. *Lauman*, 29 Barb. 410; *Mallory* v. *Lord*, Id. 456; *Vorgraefe* v. *Supreme Lodge*, 26 Mo. App. 219; *Stewart* v. *Supreme Council*, 36 id. 319; *Grand Lodge* v. *Elsner*, 26 id. 118; *Richmond* v. *Johnson*, 28 Minn. 447; *Durian* v. *C. Verein*, 7 Daly, 168.) Demings having given notice to the defendant that he did not intend to pay any further assessments, coupled with the directions to suspend him, justified the defendant in treating the contract between him and itself as at an end, and precluded the plaintiff in this action from recovering thereon. (*Howard* v. *Daily*, 61 N. Y. 375, 376; *Freer* v. *Denton*, Id. 496; *Burtiss* v. *Thompson*, 42 id. 246; *DePeyster* v. *Pulver*, 3 Barb. 284; *Mallory* v. *Lord*, 29 id. 456.) The assessment upon which Demings was in default at the time of his death should be deemed *prima facie* regular. (*Bachman* v. *N. Y. Arbiter, etc.*, 64 How. Pr. 442.)

*Samuel M. Welch, Jr.*, for respondent. The motion for a nonsuit was properly denied. (Bacon on Ben. Soc. §§ 414, 457; *Supreme Lodge K. of H.* v. *Johnson*, 78 Ind. 110; *Lazensky* v. *Supreme Lodge K. of H.*, 31 Fed. Rep. 592; *Scheuffler* v. *Grand Lodge A. O. U. W.*, 47 N. W. Rep. 799; *Stewart* v. *Supreme Council L. of H.*, 36 Mo. App. 319.) When a society relies upon the failure of any of its members to pay his assessment as a forfeiture of membership and benefits under its charter, it must show affirmatively that the assessment was made in the manner indicated and required by its laws; otherwise the member cannot be said to be in default. (Bacon on Ben. Soc. § 377; *M. A. Society* v. *Helburn*, 2 S. W. Rep. 495; 85 Ky. 1; *Bates* v. *D. M. B. Assn.*, 51 Mich.

587; *Underwood* v. *Legion of Honor*, 66 Ia. 134; *C. B. Association* v. *Spiess*, 114 Ill. 463.) Statements made by a member of a benefit society subsequent to his becoming a member, are not competent against the beneficiary. (Bacon on Ben. Soc. § 460; *Knights of Pythias* v. *Schmidt*, 98 Ind. 374; *Dodge* v. *F. B. Co.*, 93 U. S. 379; *Fitch* v. *A. P. L. Ins. Co.*, 59 N. Y. 557; *Hosley* v. *Black*, 28 id. 438; *F. Nat. Bank* v. *Wood*, 71 id. 405; *F. & M. Bank* v. *Lang*, 22 Hun, 372; 87 N. Y. 209.)

O'Brien, J. The defendant is incorporated in the District of Columbia, and one of the objects of its incorporation among other things is the mutual insurance of the lives of its members. On or about the 5th day of May, 1881, the proper officers of the defendant delivered to one George Demings, a certificate in writing, under the corporate seal of defendant, in which it is stated " that brother George Demings has received the endowment rank of the order of Knights of Pythias in section No. 491, and is a member in good standing in said rank. And in consideration of the representations and declarations made in his application bearing date April 4, 1881, which application is made a part of this contract, and the payment of the prescribed admission fee; and in consideration of the payment hereafter to said endowment rank of all assessments required, and the full compliance with all the laws governing this rank, now in force, or that may hereafter be enacted, and shall be in good standing under said laws, the sum of one thousand dollars will be paid by the Supreme Lodge, Knights of Pythias, of the world, to Ellen Demings, as directed by said brother in his application, or to such other person or persons as he may subsequently direct, by will or otherwise, and entered upon the records of the Supreme Master of Exchequer upon the notice and proof of death and good standing in the rank at the time of death, and the surrender of the certificate, provided however, that if at the time of death of said brother there shall be less than one thousand members in this class, there shall be only paid a sum equal to

one dollar for each member in good standing in this class. And it is understood and agreed that any violation of the within-mentioned conditions or the requirements of the laws governing this rank, shall render this certificate and all claims null and void, and that the said Supreme Lodge shall not be liable for the above sum or any part thereof."

The insured member died on the 5th of February, 1885, and the plaintiff, who is the beneficiary named in the certificate, brought this action to recover the sum stipulated to be paid in the certificate in case of death. One of the regulations or by-laws of the corporation, which became a part of the contract, provided that "upon receiving notice of an assessment each member shall at once pay the amount to the secretary of the section to which he belongs. If any neglect, for thirty days after notice, to pay said assessment, he shall stand suspended from that class of the endowment rank for which said assessment was made, and shall forfeit all claims upon the endowment fund belonging to that class, and the fact of such suspension shall be reported to the supreme secretary upon the remittance blank, provided that any member thus suspended shall have the privilege of regaining his right in said class within three months, by passing a new medical examination, and paying all assessments that may have accrued up to the time of reinstatement." It was alleged in the answer that on or about November 22, 1884, an assessment was duly made in pursuance of the laws covering said endowment rank upon each member thereof, and upon said George Deming among others, and that on the same day due and proper notice of such assessment was given to and received by said George Deming pursuant to said by-laws together with a notice that a failure to pay said assessment by December, 1884, would forfeit membership and all claims upon the endowment fund belonging to said class. That notwithstanding said assessment and notice thereof, the said George Deming neglected and refused to pay said assessment at all, and for failure to pay the assessment as required, after thirty days he was duly suspended from said class of the endowment rank, and forfeited all claims upon the

endowment fund belonging to said class as provided in and by said contract and by-laws.

On the trial the defendant's counsel offered to prove by the secretary of the section that he received from the supreme secretary of the supreme lodge notices of assessments for mailing, that he duly notified George Deming of the levying of the assessments 66 and 67, and that Deming received the notices of assessment and failed during thirty days thereafter to pay the same. That upon being called upon afterwards by the secretary personally and requested to pay he notified the secretary that he intended to pay no more assessments, and stated to the secretary that the lodge should suspend, and accordingly after the expiration of thirty days the fact was reported to branch 491, and he was declared suspended for non-payment of his dues, and that fact was reported by the secretary to the supreme lodge, and that he has never since paid any of his dues or assessments. These were the assessments referred to in the answer. The plaintiff's counsel objected to this evidence upon the ground that the defendant had not yet shown that any such assessment was regularly made according to the law of the order.

The court sustained the objection, excluded the proof upon the ground stated, and the defendant's counsel excepted. According to the laws of the corporation assessments originate in the following manner: "If after paying a benefit there remain in the fund belonging to the class of which the deceased was a member a less sum than is sufficient to pay a benefit in that class, the supreme secretary shall immediately notify the secretary of each section to collect and forward to him an assessment of $1.10 from each member of said class, which must be paid within thirty days."

Therefore, whenever after the payment of a benefit the fund becomes depleted, so that there is not enough to pay another benefit, the corporate by-laws which were made part of the contract in question, provided for an assessment. Neither the amount nor the time of payment was uncertain or subject to the discretion of the secretary. The only fact that he had to

determine was whether there was on hand in the proper fund sufficient to pay another benefit, and if there was not, it then became his duty to send the notices of the assessment to the secretary of each section for service upon the members. The notice from the supreme secretary, whose duty it was to ascer- tain whether there was sufficient in the fund to pay another benefit, was presumptive proof that there was not and that the assessment was necessary. Acts done by a corporation, which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter. (*Bank of the U. S.* v. *Dandridge*, 12 Wheat. 79 ; *Pringle* v. *Woolworth*, 90 N. Y. 510.)

We are, therefore, of the opinion that the learned trial judge erroneously excluded the evidence offered to show that the deceased refused to pay the assessment when notified. The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.