(9 Misc. Rep. 157.)

BAUMILLER v. WORKINGMAN'S CO-OPERATIVE ASS'N.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

INSURANCE—PREMATURE ACTION ON POLICY—PLEADING.
   An objection that an action on a policy was premature because brought before the expiration of the time fixed by the policy is an affirmative defense, and must be pleaded.

Appeal from district court.

Action by George Baumiller against the Workingman's Co-operative Association on a policy of insurance. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

W. B. Donihee, for appellant.

Joseph Steiner, for respondent.

PRYOR, J. In an action on a policy of insurance in the Workingman's Co-operative Association, for "sick benefits," the plaintiff had judgment, to reverse which the defendant urges the present appeal. He challenges the judgment upon three grounds:

First. That the action was brought prematurely, because before expiration of the 30 days allowed by the policy. The fact is not apparent, and it was an affirmative defense, of which the appellant could not avail himself under his general denial.

Second. That no sufficient proof of plaintiff's claim was presented to the association. We think otherwise. At all events, the defect, if any, was waived by the omission of a seasonable and specific objection.

Third. That the plaintiff defaulted in proof of compliance with the condition of the policy. But this, too, was a defense which the appellant should have alleged and established. Richmond v. Insurance Co., 79 N. Y. 230; Insurance Co. v. Ewing, 92 U. S. 377. Another answer to the appeal is that the motion to dismiss the complaint omitted to specify the particulars of nonperformance of conditions. Webb v. Odell, 49 N. Y. 583.

The judgment consists with the justice of the case, and is not invalidated by any legal error. Judgment affirmed, with costs. All concur.