DEMINGS v. SUPREME LODGE, KNIGHTS OF PYTHIAS OF THE WORLD.

(Supreme Court, Appellate Division, Fourth Department.  July 29, 1897.)

1. BENEFICIAL ASSOCIATIONS—EVIDENCE—FORFEITURE.

In an action on a certificate of a beneficial association, the payment of which was refused on the ground that deceased had been suspended for nonpayment of a certain assessment, it appeared that the first assessment charged to him was paid by his advance payment on admission into the society, and that each succeeding assessment, including that in controversy, was paid from the proceeds of the one next preceding. *Held*, that the defense of forfeiture was not sustained, as deceased had not been legally suspended.

2. SAME—EVIDENCE OF NONPAYMENT—VARIANCE FROM PLEADING.

Where the defense in an action on a beneficial certificate was an alleged forfeiture for failure to pay a certain assessment, evidence of nonpayment of a subsequent assessment was inadmissible, as it tended to establish a defense different from that pleaded.

3. SAME—EVIDENCE OF GOOD STANDING—BURDEN OF PROOF.

Where the complaint, in an action on a beneficial certificate, alleged compliance on the part of deceased with the terms of his contract and the laws governing the association, which defendant denied, the burden was on defendant to show that deceased had lost the good standing which, having been established by the production of the certificate, was presumed to continue.

4. PLEADING—AMENDMENT—DEPARTURE.

Under Code Civ. Proc. § 723, providing for conforming a pleading to the fact proved, where such amendment does not substantially change the claim or defense, an amendment setting up a defense separate and distinct from that pleaded, though of the same general character, and involving a forfeiture, should not be allowed.

Appeal from judgment on report of referee.

Action by Ellen Demings against Supreme Lodge, Knights of Pythias of the World.  From a judgment for plaintiff on the report of a referee, defendant appeals.

The following is the opinion of HENRY F. ALLEN, Referee:

This action was brought to recover the sum of $1,000 and interest, upon a beneficiary certificate issued by the defendant to one George Demings, whereby the defendant, in consideration, among other things, of the payment to the endowment rank of the defendant of all the assessments required, and the full compliance with all the laws governing the said rank then in force or that might thereafter be enacted, and of the good standing of the said George Demings, under the said laws, promised to pay to Ellen Demings, the plaintiff herein, and beneficiary named in said certificate, or to such other person or persons as the said George Demings might subsequently direct by will or otherwise, the sum of $1,000, upon due notice and proof of death and good standing of the said beneficiary.  In the certificate issued to the said Demings. it is recited that he has received the endowment rank of the Order Knights of Pythias in Section 491, and is a member in good standing in said rank.  It was conceded upon the trial that the defendant is a foreign corporation. created under the laws of the District of Columbia, for the purposes stated in the complaint;  that on the 5th day of May, 1881, the said Demings became a member of Section 491 of the endowment rank of the defendant, which section was located at Buffalo, N. Y.;  that the said Demings died February 5, 1885;  that the plaintiff is the beneficiary named in the certificate issued to the said Demings;  and that, at the time of the death of Demings, there were at least 1,000 members in the class of the endowment rank in which he held a certificate.  It was also admitted that the plaintiff gave due notice to the defendant and Section 491 of the death of Demings, and requested the said section

to furnish her with forms for the purpose of making proofs of death, which were refused; and that the plaintiff thereafter caused to be prepared proofs of the death of the said Demings, and served the same upon the defendant and said Section 491, December 23, 1885; and that the plaintiff duly demanded payment of the said sum of $1,000, which was refused. In the complaint it is alleged that the said Demings, in his lifetime, duly complied with and performed all the terms and conditions of the contract upon his part, and that he complied with all the laws, rules, and regulations governing said defendant and said Section 491; and that the contract and agreement of the said Demings with the defendant were in full force at the time of his decease. These allegations of the complaint are denied by the answer, and in the sixth clause of the answer it is alleged that on or about the 22d day of November, 1884, an assessment was duly made in pursuance of the laws governing said endowment rank upon the said George Demings, among others; that due and proper notice of such assessment was given to and received by the said George Demings, pursuant to the by-laws of the defendant; and that said Demings neglected and refused to pay said assessment, and, for failure to pay the same as required, was duly suspended from said class of the endowment rank, and forfeited all claims upon the endowment fund belonging to said class, as provided in and by said constitution and by-laws. Deming's application for membership, the certificate issued to him, and the general laws and constitution of the defendant, formed his contract with the defendant.

Article 5, § 4, of the general laws of the endowment rank of the defendant, provides that "if, after paying a benefit, there remain in the fund belonging to the class of which the deceased was a member a less sum than is sufficient to pay a benefit in that class, the supreme secretary shall immediately notify the secretary of each section to collect and forward to him an assessment of $1.10 from each member of said class, which must be paid within thirty days." Article 6, § 5, of the constitution of the said endowment rank, treating of its officers and their duties, provides that the section secretary shall, among other things, "upon the receipt of notice of an assessment from the supreme secretary, promptly forward the same to that officer, and give notice to each member of the class in which the assessment is made, in the prescribed form, and notify him to pay it within thirty days." And in article 8 of the constitution (section 1) it is provided: "Upon receiving notice of an assessment, each member shall at once pay the assessment to the secretary of the section to which he belongs. If any neglect for thirty days after date of notice to pay said assessment, he shall stand suspended from that class of the endowment rank for which said assessment was made, and shall forfeit all claims upon the endowment fund belonging to that class, and the fact of such suspension shall be reported to the supreme secretary upon the remittance blank, provided that any member thus suspended shall have the privilege of regaining his right in said class within three months by passing a new medical examination, and paying all assessments that may have accrued up to the time of reinstatement." Article 4, § 1, of the constitution, provides that "secretaries will also collect from new members applying for additional class or classes one dollar and ten cents for each class, to be held in surplus to meet the first assessment to which they may become liable."

Attention has been called to all of the provisions of the general laws and constitution of the defendant which are pertinent to the issues involved, and the question for determination is as to whether Demings was in default for nonpayment of the assessment of November 22, 1884. That this assessment was made, and that Demings received due notice thereof, I think, the evidence fairly establishes. That it was properly made was presumptively shown, as decided by the court of appeals in this case (131 N. Y. 522–527, 30 N. E. 572); but the evidence, in my judgment, shows that this assessment was in point of fact actually paid to and received by the defendant, and Demings was therefore unlawfully suspended for nonpayment thereof, and, so far as the payment of such assessment was concerned, was in good standing with the defendants at the time of his decease. The evidence shows that Demings paid the admission fee and all other sums required of him at the time of his admission into the endowment rank of the defendant, including the $1.10 required by the provisions of section 1, art. 4, of the constitution, to meet the

first assessment for which he would be liable. It is also shown that the first assessment made upon Demings was August 22, 1881, which assessment was known as assessment No. 28. This assessment was paid with the $1.10 which was paid in advance by Demings under the provisions of the constitution above quoted (section 1, art. 4). Mr. Stolte, the secretary of the board of control of the defendant, was called by the defendant, and testified that he was familiar with the defendant's records, and had charge of its business. He further testified that the first assessment charged to Demings was assessment No. 28; that the section secretary was notified to forward this assessment to the supreme secretary of exchequer, which he did by using the funds received in Demings' case from the advance assessment $1.10; that the section secretary then notified Demings to pay assessment No. 28 within 30 days from date of issue, August 22, 1881, to provide for the next assessment; that assessment No. 29 was made September 26, 1881, and the section secretary was required to immediately forward the assessment, using the funds in Demings' case that he had received from assessment No. 28, and to notify Demings to pay assessment No. 29 within 30 days from September 26, 1881, to provide for the next assessment No. 30; and this course of business, the witness testifies, was pursued through all the assessments, down to and including the assessment made November 22, 1884, known as "Assessment No. 66," with reference to which it is alleged Demings was in default, and that the section secretary was required to forward assessment No. 66 November 25, 1884, and that he did so by using the funds received from assessment No. 65; and the books of the defendant, which are in evidence, show that 39 assessments in all were charged to Demings, being assessments 28 to 66, inclusive, all of which were paid by him in the manner indicated. It follows, in my judgment, upon this state of facts, that there was no authority for the suspension of Demings for the nonpayment of assessment No. 66; and that he did not legally stand suspended therefor, the defendant having funds of Demings with which to pay the same, derived from assessment No. 65, and having so applied the same; and that, therefore, the defense of forfeiture, interposed by the defendant, is not sustained.

The defendant, upon the trial, offered to show the nonpayment of assessment No. 67, and gave evidence tending to show such assessment notice thereof to Demings, and nonpayment of the same by him; but this evidence was received subject to the power of the referee to strike the same out if the same should be deemed inadmissible. It is not very clear what the effect of this evidence would be if admitted, Demings having been suspended for the nonpayment of assessment No. 66; but I am of the opinion that, under the answer, this defense is not maintainable, and that this evidence should not be received. The defense set up by the answer is a forfeiture for failure to pay an assessment made November 22, 1884. This is concededly assessment No. 66. To admit the evidence of nonpayment of assessment No. 67 would establish a different forfeiture, and therefore a different defense from that pleaded. Default in proof of compliance with the conditions of the certificate or of the contract upon the part of Demings upon which the defendant attempts to establish a forfeiture should be pleaded. Baumiller v. Association, 9 Misc. Rep. 157, 29 N. Y. Supp. 26; Richmond v. Insurance Co., 79 N. Y. 237. The nonpayment of premiums is an affirmative defense. Elmer v. Association (Sup.) 19 N. Y. Supp. 289, affirmed 138 N. Y. 642, 34 N. E. 512. The defendant insists that because of the allegation in the complaint of the compliance by Demings with the terms and conditions of his contract, and the laws, rules, and regulations governing the defendant, and of the denial thereof by the defendant by its answer, it is entitled to make this proof, but I think otherwise. The allegations of the complaint did not impose the burden upon the plaintiff of proving them in each particular. See cases above cited. The good standing of the deceased was established by the certificate put in evidence, and such good standing was presumed to continue, and the burden was upon the defendant to establish that the deceased had lost his good standing. Opinion in this case (Childs, J., 60 Hun, 350, 353, 14 N. Y. Supp. 834) in this respect not questioned. Upon the admissions and facts conceded, the plaintiff's case was made by the production of the certificate. To obviate this defect in the answer, the defendant has asked to amend its answer by con-

forming it to the facts proved. My power to allow this amendment is, I think, somewhat questionable. Section 723 of the Code of Civil Procedure provides that the court may, upon the trial, conform the pleading to the fact proved when the amendment does not change substantially the claim or defense. This would be a defense of the same general character, but it is a separate and distinct defense from that pleaded. An amendment setting up a new defense under the authorities cannot be allowed upon the trial; but, irrespective of such question, I think, in view of the circumstances, the amendment involving a forfeiture, that it should not be allowed. No other questions have been raised by the defendant, and the views which I have expressed lead to the conclusion that the plaintiff should recover the amount of the certificate issued to the deceased, together with interest.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ

Chas. B. Wheeler, for appellant.

Samuel M. Welch, Jr., for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of HENRY F. ALLEN, Referee.