### DAVIS v. ATKINSON.

(Supreme Court, Appellate Term. December 26, 1900.)

BENEFICIAL ASSOCIATIONS—RIGHT TO BENEFITS—FAILURE TO PAY DUES.

Where the by-laws of a beneficial association provide that any member whose dues remain unpaid for 13 weeks shall be allowed until the next meeting to pay the same, but shall not be entitled to any benefits if such dues are not paid by that time, the right of the wife of a member thereof to recover a death benefit is not defeated by showing that the husband had not paid his dues for more than 13 weeks, but it must also be shown that the association had a meeting subsequent thereto, since the member was entitled to benefits until such meeting.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Jane Davis against Amos Atkinson, secretary of Stephen A. Douglas Lodge, No. 357, I. O. O. F., to recover a death benefit. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Herman Stiefel, for appellant.

Edward A. Alexander, for respondent.

O'GORMAN, J. The by-laws of the defendant's association provided that, on the death of any member who is not disqualified by sections 57 to 69 of the same, the lodge will pay to his widow the sum of $100. Plaintiff's husband died on February 17, 1900, and it is conceded that no dues were paid by him from the 30th of the preceding June. The only section of the by-laws invoked by the defendant to sustain its contention that the decedent was disqualified at the time of his death is section 58, which provides:

"Any member whose dues remain unpaid for thirteen weeks shall be allowed until the following meeting after said thirteen weeks time to pay the same, and, if not then paid, shall not be entitled to receive the benefits of this lodge until four weeks after paying the same."

It is evident that two things must concur to deprive a member of the benefits of the association under this provision of the by-laws: First, he must be in arrears in the payment of his dues for 13 weeks; and, secondly, he must fail to pay such arrears by the next succeeding meeting. The disqualification is not effected by the member being 13 weeks in arrears, but by his neglect to pay the same by the following meeting. There is no evidence in the case showing that any meeting has taken place since the decedent became indebted for the 13 weeks, and that was part of the defendant's case. It being conceded that the deceased was a member of the defendant's lodge at the time of his death, the burden was on the defendant to establish the violation or neglect of some law by which the rights of the plaintiff's deceased were impaired or forfeited. Elmer v. Association (Sup.) 19 N. Y. Supp. 289, affirmed in 138 N. Y. 642, 34 N. E. 512; Demings v. Supreme Lodge, 60 Hun, 350, 14 N. Y. Supp. 834; Meagher v. Life Union, 65 Hun, 358, 20 N. Y. Supp. 247. It was correctly held, therefore, that the defense was not established, and the judgment for the plaintiff must be affirmed.

Judgment affirmed, with costs.