# Coffey, Appellant, v. The Maccabees.

*Beneficial associations—By-laws—Change of by-laws—Failure to report change of residence.*

1. Where a member of a beneficial association accepts a certificate of membership upon an express stipulation that he should be bound by the by-laws of the order which it should at any time adopt, and subsequently the by-laws are changed so as to provide that a member shall be suspended for failure to report a change of residence, the member is bound by the change in the by-law, and if he is thereafter suspended for failure to report a change of residence, and not reinstated, no recovery can be had on the certificate. Roblin v. The Maccabees, 269 Pa. 139, and Samberg v. The Maccabees, 158 Mich. 568, distinguished.

*Practice, C. P.—Province of court and jury—Trial by jury—14th Amendment of federal Constitution.*

2. Where a judgment n. o. v. has been entered for defendant because plaintiff's own case disclosed that he could not maintain his action, plaintiff cannot complain that when a jury renders a verdict on disputed facts the court cannot enter judgment n. o. v. without violating the 14th Amendment of the federal Constitution.

Argued December 5, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 15, March T., 1928, by plaintiff, from judgment of Superior Court, April T., 1927, No. 129, reversing judgment of C. P. Allegheny Co., Oct. T., 1923, No. 2473, in case of Thomas W. Coffey v. The Maccabees. Affirmed.

Appeal from judgment of Superior Court.
The opinion of the Supreme Court states the facts.
The Superior Court reversed the judgment of the lower court. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Martin Croissant,* for appellant.—The insured made a valid change of beneficiary in accordance with the by-laws, and defendant's refusal to issue a new certificate with plaintiff named as beneficiary did not relieve it from liability thereon: Soroko v. Woodmen of the World, 76 Pa. Superior Ct. 328; Nassauer v. Fire Ins. Co., 109 Pa. 507; Hoffman v. Ins. Co., 274 Pa. 292; Knights of Pythias v. Kalinski, 163 U. S. 289; King v. Supreme Council, etc., 216 Pa. 553.

By accepting payment of assessment and dues for seventeen years, the conditions sought to be enforced at bar to evade liability are clearly waived by defendant: Central Market Street Co. v. Ins. Co., 245 Pa. 272; Roblin v. Maccabees, 269 Pa. 139; Transcontinental Oil Co. v. Assurance Co., 278 Pa. 558; Clymer Opera Co. v. Ins. Co., 238 Pa. 137; Caldwell v. Fire Assn., 177 Pa. 492; Clymer Opera Co. v. Ins. Co., 50 Pa. Superior Ct. 639; Simons v. Ins. Co., 277 Pa. 200; Bush v. Ins. Co., 222 Pa. 419.

The subsequently passed by-laws are clearly immaterial at bar when attempted to be applied to insured's prior contract. The obligation of every contract is protected by the federal Constitution: Roblin v. Maccabees, 269 Pa. 139; Sheetz v. Home Circle, 256 Pa. 172; Phila., B. & W. R. R. v. Flour Mills Co., 282 Pa. 362;

Palmer v. Home Circle, 252 Pa. 201; Stewart v. Thorburn, 171 Ap. Div., N. Y. 258; Groner v. Maccabees, 265 Pa. 129.

J. A. *Langfitt,* with him *Harold K. Brooks* and *John E. Owen,* for appellee.—The effort to change the beneficiary from Johanna Coffey to plaintiff was abortive and the change never took effect: Nat. Mut. Aid Society v. Lupold, 101 Pa. 111; Bell v. Benef. Assn., 270 Pa. 407; Masonic Mut. Assn. v. Jones, 154 Pa. 107; Downing v. Downing, 82 Pa. Superior Ct. 220.

The laws of the association, duly passed in 1904 and 1919, though after enacted, so far as the date of membership is concerned, govern and control the acts and omissions of the member: Supreme Lodge v. Mims, 241 U. S. 574; St. Patrick's Beneficial Society v. McVey, 92 Pa. 510; Roblin v. Maccabees, 269 Pa. 139; St. Mary's v. Burford, 70 Pa. 321; Schutte v. Kibler, 55 Pa. Superior Ct. 199.

There was no waiver of the right of suspension or of the act of suspension: Modern Woodmen of America v. Tevis, 117 Fed. 369; Ins. Co. v. Fletcher, 117 U. S. 519; Schutte v. Kibler, 55 Pa. Superior Ct. 199; Mathers v. Home Circle, 55 Pa. Superior Ct. 421.

During the lifetime of the member no attempt to remove the suspension was made by the member, or by any one for him, and this action is, therefore, barred.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1928:

Plaintiff appeals from the entry of judgment against him by the Superior Court (91 Pa. Superior Ct. 136). The case is very thoroughly discussed in the opinion of that tribunal and we will only briefly point out what we conceive to be the controlling reason why plaintiff cannot recover.

Defendant is a fraternal beneficial association and the action is brought on a benefit certificate issued by it to John H. Coffey, plaintiff's brother. The certificate

was issued on December 5, 1890, and the beneficiary named therein was Johanna Coffey, mother of John. She died August 10, 1905, and on the following September 15th John signed a written request for a change of beneficiary, naming the plaintiff as such. This paper was not in form satisfactory to the officers of defendant and it was returned to plaintiff. He did not procure it to be executed by John as requested and did nothing further to have himself correctly designated as the beneficiary. He was not so designated on the books of appellee. With matters in this shape, plaintiff continued to pay assessments and dues on the certificate until May, 1922, when John H. Coffey was suspended from the organization for failure to have reported his whereabouts with his post-office address to defendant in accordance with the requirements of one of its by-laws.

John H. Coffey left his home in the Borough of Homestead, Pennsylvania, about October 1, 1905. He went first to Kansas and subsequently elsewhere in the west; in 1916 all track of him was lost. In April, 1922, plaintiff advised the record keeper of defendant of the disappearance of his brother and his inability to locate him for more than seven years and asked for blank forms for proof of death. Defendant declined to furnish the blank forms or to receive any further dues and notified plaintiff that his brother had been suspended from the society by reason of his disappearance from home for more than one year without making report to it and that the certificate had been declared lapsed and forfeited. The suspension of John H. Coffey was entered on the records of the society on May 15, 1922, and so remained until his death on February 21, 1923. No action was taken by plaintiff or by anyone else after the receipt of the suspension notice and no objection or protest was made to defendant and no effort was made to bring about his reinstatement.

The certificate stipulates for the payment of $2,000 to the beneficiary "Provided he [the member] shall have

in every particular complied with the constitution, laws, rules and regulations of the order governing members and their beneficiaries which are now in force, *or may hereafter be adopted by the Supreme Tent or the Subordinate Tent to which he belongs.*" A section of the by-laws of the association adopted in 1904 provides "Any member who shall abscond, remove, or depart from his home or last place of residence, and remain away for a period of one year, and not report to the record keeper of his tent, his location, with post-office address, shall thereby forfeit his membership and his certificate shall become null and void." This by-law was adopted the year before John H. Coffey left home and twelve years before his whereabouts became unknown in 1916, and consequently the case of Roblin v. Supreme Tent of the Knights of the Maccabees, 269 Pa. 139, is not in point. That case held that there could not be a change in the member's status by by-laws enacted two years after the member disappeared. This law of the society bound John H. Coffey and those claiming through him, as he had accepted the certificate upon the express stipulation that he should be bound by the laws, rules and regulations of the order which it should at any time adopt: Chambers v. Maccabees, 200 Pa. 244; Taylor v. Order of Sparta, 254 Pa. 556, 560; Steen v. Modern Woodmen of America, 296 Ill. 104; Apitz v. Supreme Lodge K. & L. of H., 274 Ill. 196.

It was suggested in argument that the defendant is a Michigan corporation and that the Michigan courts in the case of Samberg v. Maccabees, 158 Mich. 568, held such a by-law as we are considering invalid. What that case decides is not that such a by-law as is before us requiring a member to report his whereabouts yearly is invalid, but that a by-law of a fraternal association which attempts to abrogate a statute which raises a presumption of death from an absence of seven years is invalid as to a policy executed prior to the adoption of the by-law. We are not here dealing with the presump-

tion of the death of John H. Coffey but with his failure to comply with the by-law and his consequent suspension from the order.

The further question raised by appellant that when a jury renders a verdict on disputed facts the court cannot enter judgment non obstante veredicto without violating the 14th Amendment to the federal Constitution has no merit in it, as the case was not disposed of by the Superior Court on disputed questions of fact. Judgment was entered for defendant because the plaintiff's own case disclosed that he could not maintain the action on the certificate for the reasons, as shown by uncontroverted facts, that the change of beneficiary had not been perfected and the certificate had become null and void. Nothing in the federal Constitution compels the submission of a case to a jury under such circumstances.

The judgment is affirmed.