IRENE B. ROBERTS et al., Individually and as Executors of EDWARD ROBERTS, Deceased, Respondents, v. THE NEW YORK ELEVATED RAILROAD COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants, et al., Respondents.

1. ELEVATED RAILROADS — EXCEPTIONAL CIRCUMSTANCES ENTITLING ABUTTING OWNER TO DAMAGES. In an action by abutting owners to restrain the maintenance of an elevated railroad in Third avenue at Ninety-ninth street, New York city, held, that an award of damages was justified by the existence of such exceptional structures as a passenger station and platform, a coal elevator, water tank and coaling platform, with side tracks and switches, in addition to the ordinary track structure, in connection with evidence that the rental value of the plaintiffs' property was diminished thereby, as compared with similar property on the avenue above and below, and that the value of the property was affected by letting to an inferior class of tenants in order to obtain better rents than were obtained prior to 1889.

2. FEE AND RENTAL VALUES — FINDINGS. Held, that there was no fatal discrepancy between a finding to the effect that the fee and rental values of the plaintiffs' premises had been diminished in consequence of

the defendants' acts, and a finding to the effect that, while the evidence did not disclose a decline in the fee or rental value, either at the time of the construction of the road, or subsequent to it, nevertheless both of these values would have increased had it not been for the defendants' acts.

3. STATION AS A BENEFIT — FINDINGS. The trial judge refused a request to find that the daily use of the defendants' station by great numbers of passengers increased to a substantial degree the facilities of access to the plaintiffs' premises from other parts of the city, but did find, on request, that "said increased facility of transportation and access, caused by said railroad, has conferred a benefit upon said property." *Held,* that the defendants obtained all the advantage to which they were entitled, by the granting of the latter request, and that the refusal of the former request was not material error.

4. CONSENT AS TO CONSTRUCTION OF ROAD. Prior to the construction of the elevated road, the plaintiffs' testator signed the following paper : "We, the undersigned owners of property bounded on Third avenue and on 92d street, hereby express our wish and preference that the elevated railway to be built on said avenue and street be constructed with the supporting column placed in the carriageway and not in the curbstone line between the carriageway and sidewalk." *Held,* that this did not constitute a consent to the construction of the main tracks of the railway, but was a mere expression of a preference with respect to two proposed methods of construction of the supports of the railway which was to be built.

5. FINDING AS TO CONSENT. The trial court found that the above paper was a request "to construct the main tracks of said railroad as they have since been constructed." *Held,* that this did not amount to a finding that there was a consent to the construction of an elevated railway.

6. COSTS — UNNECESSARY PARTIES. When the plaintiffs in an action to restrain the maintenance of an elevated railroad are vested with the title to the abutting property as trustees of an express trust, their *cestuis que trustent,* claiming no adverse interest, are not necessary parties; and if, on their declining to unite in bringing the action, the plaintiffs join them as parties defendant, and recover a judgment against the defendant railroad companies, the imposition of such unnecessary defendants' costs and allowances upon the defendant companies is unwarranted and constitutes an abuse of discretion which can be rectified by the Court of Appeals.

7. PAYMENT OF COSTS. In such a case, the costs and extra allowances, if any, of the unnecessary defendants should be made payable by the plaintiffs out of the moneys recovered by them under their judgment.

*Roberts* v. *New York Elevated R. R. Co.,* 12 Misc. Rep. 345, modified.

(Argued January 12, 1898 ; decided January 25, 1898.)

APPEAL from a judgment of the General Term of the Superior Court of the city of New York, entered May 29, 1895, affirming a judgment in favor of plaintiffs entered upon

a decision of the court on trial at Special Term, and also affirming an order granting extra allowances to certain defendants.

The nature of the action and the facts, so far as material, are stated in the opinion and in the report of a former appeal (128 N. Y. 455).

*Julien T. Davies* and *J. C. Thomson* for appellants. The court erred in finding that the fee and rental values of the plaintiffs' property have been diminished by defendants' acts, and that they would have increased if it had not been for the taking of the easements by the construction and operation of the railroad and its appurtenant structures over the avenue. (*Kennedy* v. *Porter*, 109 N. Y. 526; *Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 263; *Halpin* v. *P. Ins. Co.*, 118 N. Y. 165; *Healy* v. *Clark*, 120 N. Y. 642; *Bohm* v. *M. E. R. Co.*, 129 N. Y. 576; *Becker* v. *M. E. R. Co.*, 131 N. Y. 509; *Storck* v. *M. E. R. Co.*, 131 N. Y. 514; *Bookman* v. *N. Y. E. R. R. Co.*, 137 N. Y. 302; 147 N. Y. 298; *Sutro* v. *M. R. Co.*, 137 N. Y. 592; *Sperb* v. *M. E. R. Co.*, 137 N. Y. 596; *Sloane* v. *N. Y. E. R. R. Co.*, 137 N. Y. 595.) The trial judge erred in refusing to find that the facilities of access afforded by the defendants' railroad to the locality in question were substantial. (*Howard* v. *Moot*, 64 N. Y. 271; *People* v. *Snyder*, 41 N. Y. 398; *Swinnerton* v. *C. Ins. Co.*, 37 N. Y. 189; *Smith* v. *N. Y. C. R. R. Co.*, 43 Barb. 231; *Hunter* v. *N. Y., O. & W. R. R. Co.*, 116 N. Y. 621; *Oppenheim* v. *Wolf*, 3 Sandf. Ch. 575; *Bookman* v. *N. Y. E. R. R. Co.*, 137 N. Y. 305; *Sutro* v. *M. R. Co.*, 137 N. Y. 592; *Skelly* v. *N. Y. E. R. R. Co.*, 7 Misc. Rep. 91; *Mayor, etc., v. M. R. Co.*, 143 N. Y. 31; *Steets* v. *N. Y. E. R. R. Co.*, 79 Hun, 288.) The trial judge erred in refusing to decide the question whether plaintiffs' property would have increased in value more than it has done if the elevated railroad had not been built. (*Becker* v. *M. E. R. Co.*, 131 N. Y. 512; *James* v. *Cowing*, 82 N. Y. 449; *Meyer* v. *Amidon*, 45 N. Y. 169; *Comstock* v. *Ames*, 3 Keyes, 360.) The

trial court erred in refusing to hold that plaintiffs were precluded, by the consent of their testator, Edward Roberts, to the construction of the main tracks of defendants' railway, from obtaining any relief in respect thereto. (*Herzog* v. *N. Y. E. R. R. Co.*, 76 Hun, 486; *White* v. *M. R. Co.*, 139 N. Y. 19.) The trial judge erred in striking out the expert testimony as to the effect of stations upon the rentals of adjoining buildings. (*Hunter* v. *M. R. Co.*, 141 N. Y. 287.) The trial court erred in awarding costs and additional allowances against the appellants, and in favor of their co-defendants. (*Meeks* v. *M. E. R. Co.*, 26 J. & S. 466; *Devlin* v. *Mayor, etc.*, 15 Abb. Pr. [N. S.] 36; 1 R. S. 729, § 60; Code Civ. Pro. §§ 446, 447, 449; *Hubbell* v. *Medbury*, 53 N. Y. 98; *Potter* v. *Potter*, 8 Civ. Pro. Rep. 150; *Cridler* v. *Curry*, 66 Barb. 336; *Bort* v. *Snell*, 39 Hun, 392; *Walton* v. *Meeks*, 41 Hun, 311; 120 N. Y. 79; *Barker* v. *Burton*, 67 Barb. 459; *King* v. *Barnes*, 109 N. Y. 281; *People* v. *A. & S. R. R. Co.*, 5 Lans. 34.)

*Henry H. Man* for plaintiff-respondents. There is no error in the findings of fact as to diminution of fee and rental value, nor in the rulings of the court upon the subject of the extent of benefit. (Greenl. on Evi. § 3; Code Civ. Pro. § 1023.) It was not error to admit Mr. Phelps' testimony as to tenancy by negroes. He was not asked for an opinion, but for an observed fact. If the testimony be treated as opinion evidence, his competency was proved by his testimony as to his experience. Besides, appellate courts do not review rulings as to the competency of expert witnesses. (*Nelson* v. *S. M. Ins. Co.*, 71 N. Y. 457; *Spring Co.* v. *Edgar*, 99 U. S. 645.) It is not true that property in this neighborhood is improved by the existence of the elevated railroad. (*Kuhn* v. *Ely*, 27 N. Y. Supp. 1104; *Bookman* v. *N. Y. E. R. R. Co.*, 147 N. Y. 298.)

*J. Aspinwall Hodge, Jr.*, for Christopher H. Roberts et al., defendant-respondents. The court below had power to grant costs and an extra allowance to the defendant-respond-

ents, and the exrcise of its discretion is not reviewable here. (*Lattimer* v. *Livermore*, 72 N. Y. 174; *Munro* v. *Smith*, 23 Abb. [N. C.] 275; 128 N. Y. 680; *Warren* v. *Buckley*, 2 Abb. [N. C.] 323; *Conaughty* v. *Saratoga Co. Bank*, 92 N. Y. 401; *People* v. *G. V. C. R. R. Co.*, 95 N. Y. 666; *Dr. Jaeger's S. Co.* v. *Le Boutillier*, 63 Hun, 297; *Weed* v. *Paine*, 31 Hun, 10; *Dode* v. *M. R. Co.*, 70 Hun, 374; 140 N. Y. 637; Code Civ. Pro. § 3230; *Law* v. *McDonald*, 9 Hun, 23; *Couch* v. *Millard*, 41 Hun, 212.)

*Edward B. Whitney*, guardian *ad litem*, for infant respondents. The court has power to grant an allowance to the guardian *ad litem* irrespective of the extra allowance of section 3253 of the Code. (*Weed* v. *Paine*, 31 Hun, 10; *U. Ins. Co.* v. *Van Rensselaer*, 4 Paige, 85; *Foster* v. *Kane*, 1 Dem. 67; *Matter of Budlong*, 33 Hun, 235.)

*Per Curiam.* This action is the usual one in equity brought by an abutting property owner against the defendants, to restrain the maintenance and operation of the elevated railroad in front of the plaintiffs' premises on Third avenue, at, and south of, the southeast corner of the avenue and 99th street. The case was here upon a former appeal by the defendants from a judgment recovered against them, which enjoined them as prayed in the complaint, unless a certain sum was paid as the value of the plaintiffs' easements in the street. We reversed that judgment and ordered a new trial, solely upon the ground of errors in admitting the opinions of experts, with respect to the amount of damages sustained. (128 N. Y. 455.) As the case is now presented, that element of error is absent, and the appellants rely upon other propositions in support of their claim that the judgment now recovered against then by the plaintiffs should be reversed.

They claim that there was a total absence of evidence tending to show damages, and that the findings of the trial court, to the effect that the fee and rental values of the premises in question have been diminished by the defendants' acts, are

without support in the evidence.   The General Term justices, in the opinion rendered upon an affirmance of the judgment, say that, upon their examination of the testimony, they find the awards for rental and fee damage are sustained by the evidence.   We have looked into the case sufficiently to satisfy ourselves that the affirmance of the judgment in that respect was correct.   In these cases, which usually present to the court a mass of testimony of a more or less conflicting character, we do not think that we are called upon to analyze the evidence, or to be critical with respect to its weight, and that we are not required to do more than to ascertain that there were sufficient facts upon which the trial court might rest its determination.   The evidence shows that this case was quite exceptional, with respect to the character of the elevated structures in front of the plaintiffs' premises.   There was not merely the ordinary structure for the running of trains; but there were a passenger station, with a platform 130 feet long, a coal elevator, an iron water tank and a coaling platform, extending west from the railroad tracks to the defendants' property on the other side of the avenue.   Upon this platform were side tracks and switches, to connect with the defendants' yard and shops, with bridges overhead and coal chutes, and there were various structures and appliances, incidental to the establishment of connections between the railroad tracks and the car yard and coal depot and to their use.   Upon this connecting platform engines would stand, emitting steam, smoke and cinders, and the street underneath was darkened for a considerable distance.   There was evidence to show that these conditions affected the plaintiffs' property detrimentally, in a diminished rental value, as compared with similar property on the avenue above and below, and that the character of the tenancy of the property was influenced thereby.   It seems that, in order to obtain better rents for these premises than were obtained prior to 1889, they were let to colored people, and there was evidence to the effect that, while, by letting to negro tenants, higher rents might be obtained, the value of property was thereby affected.

Without other discussion of the facts in the case, there is proof of such exceptional facts and circumstances, in the character of the structures maintained by the defendants and in their uses, as, in connection with the evidence respecting the difference in rentals and the inferior class of occupants, to justify the award of damages.   The *Storck Case* (131 N. Y. 514) and the *Bookman Case* (147 N. Y. 298) recognize the distinction which is to be made in a case like this; where, perhaps, under circumstances such as existed in the *Bohm Case* (129 N. Y. 576), a recovery by the abutting property owner might be difficult, if at all possible, to affirm.

Nor do we find a fatal inconsistency between the 48th finding and the 13th and 14th findings, as insisted upon by the appellants.   The 13th and 14th findings are to the effect that the fee and rental values of the premises have been diminished, in consequence of the defendants' acts; while the 48th finding is that "no decline in the fee or rental value of plaintiffs' property is shown to have taken place coincident with or subsequent to the construction of defendants' railroad, but both would have increased if it had not been for the taking of the easements described, by the construction and operation of the railroad and its appurtenant structures over the avenue." This finding, simply, is to the effect, that, while the evidence does not disclose a decline in the values, either at the time of the construction of the road, or subsequent to it, nevertheless, both of these values would have increased had it not been for the acts of the defendants.   The finding may be inartificially expressed; but we do not find in it that inconsistency with what was previously found, which would warrant the assertion that it is a finding in favor of the appellants.

Nor was there any material error committed by the trial judge in refusing to find, as requested, that the daily use of the defendants' station by great numbers of passengers increased, to a substantial degree, the facilities of access to the plaintiffs' premises from other parts of the city.   The learned trial judge assigned, as a reason for refusing to find as to the degree, that it does not appear to be proved in the case; but

he does, however, find, as requested immediately afterwards, that " said increased facility of transportation and access, caused by said railroad, has conferred a benefit upon said property." We think that the defendants obtained all the advantage to which they were entitled by the granting of the latter request.

The appellants claim that the plaintiffs were precluded, by the consent of their testator, from obtaining the relief demanded, and that it was error in the trial court to refuse so to hold. The consent, to which reference is made in the request, was in the following language : " We, the undersigned owners of property bounded on Third avenue and on 92d street, hereby express our wish and preference that the elevated railway to be built on said avenue and street be constructed with the supporting column placed in the carriageway and not in the curbstone line between the carriageway and sidewalk." This paper was signed by the plaintiffs' testator in 1876, before the construction of the elevated railway in the avenue, and it is argued that it was, in effect, a consent to the construction of the main tracks of the defendants' railway. Overlooking the fact that the consent was with reference to property bounded on Third avenue and on 92d street, it does not seem to us that it can be construed otherwise than as the expression of a preference of the abutting owner, with respect to two proposed methods of construction of the supports for the elevated railway, which was to be built in the street. That is its natural and ordinary meaning, and the finding of fact by the trial court, to the effect that it was a request " to construct the main tracks of said railroad as. they have since been constructed," does not amount to a finding that there was a consent to the construction of an elevated railway. Certainly, such a consent should not have been regarded by the court as sufficient, if it had been presented for the purpose of showing the assent of abutting owners to the construction of the railway, which the statute requires.

The only other point which, we think, should be discussed is that which is made with respect to an award of costs and

additional allowances against the appellants and in favor of certain parties who were made co-defendants with them.   It seems that when the plaintiffs' testator died the action was revived in the name of the plaintiffs, who, under the will of the testator, became vested with the title to the premises as trustees of an express trust.   They caused to be joined as parties defendant their *cestuis que trustent,* alleging that they had refused to unite with them in bringing the action as parties plaintiff. We do not perceive any reason for bringing the beneficiaries in as parties to the action; but if they refused to join as plaintiffs in the action, the result of which would be for their benefit, certainly they ought not now to claim costs of their co-defendants.   They were under no obligation to appear. All their interests were in the custody of their trustees, and there was no necessity for them to do so; but if they chose, nevertheless, to appear, the defendants should not be further mulcted in costs for their benefit.   As it was said in *King* v. *Barnes* (109 N. Y. 281): "Their appearance in the action was purely voluntary, and they could safely have refrained therefrom, without jeopardizing any right or interest which they owned or possessed."   While they might, perhaps, have joined as plaintiffs in the action, their presence was not necessary to its maintenance.   Their case did not come within the provisions of section 447 of the Code of Civil Procedure; for they neither had nor claimed an interest in the controversy adverse to the plaintiffs, and they were not necessary parties defendant for the complete determination or settlement of the questions involved therein.   Section 448 does not apply; because, as previously suggested, it was not a case where their consent was necessary, and where the refusal of which rendered it necessary that they should be made defendants.   While it is true that the granting of costs in an equitable action is within the discretion of the court, nevertheless, that discretion should not be abused.   The Code prescribes the cases in which persons may be made parties to an action, as defendants; and this not being one of those cases, the bringing in of these particular co-defendants was an unneces-

sary act on the part of the plaintiffs. That being so, we think it was not merely unjust towards the appellants, but that it was unauthorized by the statute, to compel the payment by them of the costs and allowances which the court, in its discretion, saw fit to award to their co-defendants. In that respect, we think that the case presents an abuse in the exercise of discretion, and we have ample jurisdiction to change the judgment so as to relieve the appellants of so much of its provisions and to make the costs and allowances payable out of the fund which may come into the hands of the plaintiffs.

The judgment should be modified by striking therefrom so much as adjudges that the defendants Christopher H. Roberts, Lucy Peck, William R. Roberts, Edward A. Shipman, Genevieve B. Colwell, Lucy M. Roberts, Emily J. Roberts and the guardian *ad litem* for the infant defendants named, recover their costs and allowances from the defendants, The New York Elevated Railroad Company and The Manhattan Railway Company, and by substituting therefor a direction that such costs and allowances be paid by the plaintiffs from moneys which they recover from the appellants under the provisions of their judgment, and as so modified the judgment should be affirmed, with costs in this court to the plaintiffs respondents as against the appellants.

PARKER, Ch. J., GRAY, BARTLETT and MARTIN, JJ., concur; O'BRIEN and VANN, JJ., not voting; HAIGHT, J., absent.

Judgment accordingly.