THEODORE F. REED, Appellant, v. THE PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY, Appellant, and JOHN O. REED et al., Respondents.

1. INSURANCE, LIFE — POLICY NOT A CONTRACT OF INDEMNITY. A life insurance policy is not a contract of indemnity; it is a contract to pay a sum of money upon the death of the assured, in consideration of certain payments being duly made at fixed periods during his life. If the insurance is made upon the application of one who has no insurable interest whatever in the life insured, it is a wager policy, that is to say, a speculative contract, which the law condemns. But a person may insure his own life and provide in the contract of insurance that the money shall be payable to any one whom he may appoint, or assign the policy to. What will distinguish the one contract from the other is the fact as to the party actually contracting with the insurer.

2. INSURABLE INTEREST. In an action brought to recover the full amount of a policy of life insurance, it appeared that in pursuance of an agreement made between the assured, his children and the plaintiff whereby the latter was to pay the premiums on certain insurance to be taken out on the life of the assured and be repaid his advances with interest, together with a specified sum, out of the proceeds of the policies, the plain-

tiff procured a policy, payable to himself, as a nephew and creditor, and to the children; he paid the premiums thereon and thereafter, the insurance company having failed, he procured in place thereof a policy in another company on the same life and under the same contract but payable to himself alone, which is. the policy in suit. *Held,* that the plaintiff had an insurable interest in the life to be insured though not as nephew; that the substituted policy should be enforced according to the terms of the agreement and that the plaintiff was entitled to the proceeds only to the extent of his advances of premiums thereon.

3. PARTIES. The children of the assured having upon their application and the consent of the company been brought in as parties defendants, their rights may properly be adjusted in the same action.

4. WRONGFUL REFUSAL TO ACCEPT PREMIUMS. The wrongful refusal of the company to accept a premium duly tendered to it, excused further tender on recurring premium dates.

5. COSTS. The action being at law and the rights of the intervenors having been worked out through the plaintiff, only one bill of costs should be awarded, and that to the plaintiff.

*Reed* v. *Provident Savings Life Assur. Society,* 112 App. Div. 922, modified.

(Argued October 31, 1907; decided November 26, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 2, 1906, affirming a judgment in favor of plaintiff and defendants, respondents, entered upon a decision of the court on trial at Special Term.

This action was brought by the plaintiff to recover from the defendant, the Provident Savings Life Assurance Society of New York, the amount due upon a policy of life insurance, issued upon the life of Benjamin F. Reed in favor of the plaintiff, nominated therein as creditor. The complaint alleged that the plaintiff was a nephew of the assured and his creditor to the amount of upwards of $8,000. The defendant company denied that the plaintiff was a creditor, or that he had any insurable interest in the life of the assured; alleged a lapse of the policy by reason of the failure to pay certain premiums due thereon and, as a separate defense, alleged the existence of a certain contract, made by plaintiff with the assured and his children for the procurement of insurance upon the life of the assured for the benefit of the

children.   Fraud was, also, charged against the plaintiff with respect to the creation of the indebtedness alleged by him. The children of the assured became parties defendant to the action, with the consent of the defendant, upon their motion to be allowed to intervene, and, answering the complaint, they alleged, in substance, that the policy was intended to be payable to plaintiff only to the extent of his actual interest as creditor and, with great fullness, set forth an agreement between the plaintiff, the assured and themselves to effect life insurance, practically, as the answer of the company had set it out.   The policy of insurance recites that the defendant, " in consideration of the application herefor and of the conditions and agreements on the back of this policy, all of which are a part of this contract,   *   *   *   doth promise to pay to Theodore F. Reed, creditor (the beneficiary of the policy), or to the legal representatives or assigns of said beneficiary, the sum of $10,000 " etc.   The application for the insurance was signed by the deceased, as the person to be insured, and gave the name of the plaintiff " as the beneficiary on whom the insurance is desired " and as a creditor of the assured.   The trial court formulated its decision in findings of fact and conclusions of law.   It appears therefrom that, in 1887, in the state of Michigan, the plaintiff and the assured had entered into a contract in relation to the taking out upon the life of the latter of insurance to the extent of $25,000 and that the children of the assured were parties to that contract ; that that amount of insurance was to be kept in force until the death of the assured ; that the premiums and assessments thereon would be advanced and paid by the plaintiff ; that he should receive from the proceeds of such insurance the amount which he had advanced, with ten per cent interest, and the sum of $5,000, in addition thereto ; that the children should be named as beneficiaries in the policies and that they should receive the balance of the insurance moneys.   In pursuance of that contract, the assured had submitted to medical examinations and had executed applications for policies, and the plaintiff had procured, in 1887, policies of life insurance to be

8

issued, aggregating $25,000 in amount. Those policies had named the children of the assured as beneficiaries and the plaintiff had paid all the premiums, or assessments, upon them up to the time of the death of the assured, in 1896. Upon the failure, in 1889, of two of the insurance companies, which had issued policies, other insurance policies had been substituted and of these the policy in suit is one, and it had been made payable to the plaintiff, or his assigns. It was found that the premiums and assessments, which the plaintiff had paid upon this policy, amounted, with interest, to the sum of $3,395.81 and that, at the time of decedent's death, the $25,000 of insurance, on which plaintiff had agreed to pay the premiums, consisted in the present policy and in two other policies; one for $10,000 issued by the Massachusetts Benefit Association and the other for $5,000 issued by the Bay State Beneficiary Association. It was, also, found that the proofs of death were duly furnished to the defendant society; that the conditions of the policy, on the part of the assured, had been performed; that the plaintiff, in pursuance of the same contract, had collected from the Bay State Association $5,000, the amount of its policy and had appropriated the sum to his own use; that he had obtained upon the policy of the Massachusetts Association the sum of $2,500, and that the balance thereof was collected by the defendants, the Reed children, who paid to the plaintiff, according to their contract, an amount, which, together with the said $2,500, represented all payments by him upon said policies and upon the policies of the two societies which had previously failed. As conclusions of law, it was found that there was due from the defendant society, upon its policy, less certain unpaid premiums and interest thereon, the sum of $14,428.11; that of such amount the plaintiff was entitled to receive the sum of $3,395.81, (that being the amount found to have been paid as premiums upon the policy in suit), and the Reed children were entitled to receive the balance. There was judgment accordingly; which, as finally perfected, awarded costs and allowances, by way of costs, to the Reed children, as well

as to the plaintiff. The judgment has been unanimously affirmed, at the Appellate Division, and from the judgment of affirmance the plaintiff and the defendant society have appealed to this court.

*W. H. Van Steenbergh* and *E. G. Bullard* for plaintiff, appellant. The insurance was effected by the plaintiff, who had a clear and well-defined insurable interest in the life of the deceased. (*Reed* v. *Provident Co.*, 36 App. Div. 250; *Ruse* v. *Mutual Benefit Life Ins. Co.*, 23 N. Y. 516; 2 Joyce on Ins. § 953; *Ferguson* v. *M. M. L. Ins. Co.*, 32 Hun, 306; 102 N. Y. 647; *Goodwin* v. *Mass. Co.*, 73 N. Y. 497; *Ferguson* v. *Mass. Co.*, 32 Hun, 306; *Wright* v. *Mut. Benefit, etc.*, 118 N. Y. 237; *Rawls* v. *A. L. Ins. Co.*, 27 N. Y. 282; 85 N. Y. 598.) The defense of non-payment of the premiums on the policy in suit was not sustained. (*Kelly* v. *M. L. Ins. Co.*, 106 N. Y. 352; *Strauss* v. *U. C. Ins. Co.*, 170 N. Y. 349; *McCall* v. *P. Ins. Co.*, 98 App. Div. 228.) Forfeitures of insurance policies are not favored in the law. (*Ins. Co.* v. *Eggleston*, 96 U. S. 572; Bacon on Ins. § 362; *Kenyon* v. *N. L. Assn.*, 39 App. Div. 287; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143; *Shaw* v. *R. L. Ins. Co.*, 69 N. Y. 286; *Hayner* v. *A. P. L. Ins. Co.*, 69 N. Y. 435; *Dewey* v. *P. Ins. Co.*, 99 App. Div. 23; *Rockwell* v. *McGovern*, 69 N. Y. 293; *Miesell* v. *G. M. C. L. Co.*, 76 N. Y. 120; *Primean* v. *N. L. Ins. Co.*, 77 Hun, 418; *Meyer* v. *K. L. Ins. Co.*, 73 N. Y. 520.)

*Charles F. Brown* and *William T. Gilbert* for defendant, appellant. Plaintiff had no insurable interest in the life of Benjamin F. Reed. The policy in suit, therefore, was a wager policy and void. (May on Ins. [4th ed.] §§ 102a, 103a; *Gordon* v. *Ware Nat. Bank*, 132 Fed. Rep. 444; *Appeal of Carson*, 113 Penn. St. 438.) The policy lapsed for the non-payment of four quarterly premiums due subsequent to January 12, 1895, and prior to the death of the insured. (*McDougall* v. *P. S. L. Assur. Society*, 135

N. Y. 551; *Baldwin* v. *P. S. L. Assur. Society*, 23 App. Div. 5; *Rosenplanter* v. *P. S. L. Assur. Society*, 91 Fed. Rep. 728; 96 Fed. Rep. 721.)

*George Richards* for respondents. There was no lack of insurable interest to sustain the insurance in suit. (*Rawls* v. *A. M. L. Ins. Co.*, 27 N. Y. 282; *Olmsted* v. *Keys*, 85 N. Y. 593; *Sabin* v. *Phinney*, 134 N. Y. 423; *St. John* v. *A. M. L. Ins. Co.*, 13 N. Y. 31; *Valton* v. *Nat. F. L. Assur. Co.*, 20 N. Y. 32; *Steinback* v. *Dienpenbrock*, 1 App. Div. 417; *Hutchins* v. *Miner*, 46 N. Y. 456; *Wright* v. *M. B. L. Assn.*, 118 N. Y. 237; *Langdon* v. *U. M. L. Ins. Co.*, 19 Fed. Rep. 272.) It is wholly immaterial that plaintiff took out the last policy in his name alone instead of naming the children also as beneficiaries. (*Griswold* v. *Sawyer*, 125 N. Y. 411; *Hannigan* v. *Ingraham*, 55 Hun, 257; *Lee* v. *Adsit*, 37 N. Y. 78; *Waring* v. *I. F. Ins. Co.*, 45 N. Y. 606; *Woodhouse* v. *Duncan*, 106 N. Y. 527; *L. Mfg. Co.* v. *S. F. Ins. Co.*, 88 N. Y. 591; *Richardson* v. *Ins. Co.*, 15 J. & S. 138; *Crotty* v. *U. M. L. Ins. Co.*, 144 U. S. 621; *Central Bank* v. *Hune*, 128 U. S. 195; *Page* v. *Burnstine*, 102 U. S. 664.)

GRAY, J. The facts in dispute have been finally settled by the unanimous affirmance of the judgment. The situation, as presented, is one where the interests of the parties are evident and but few questions of law of any importance have survived the disposition made below of this case. In 1887, a contract was made by the plaintiff with Benjamin F. Reed and his children, pursuant to which policies of insurance, to the aggregate amount of $25,000, were to be taken out upon Reed's life; of which his children were to be the principal beneficiaries and they were to be named, as such, in the policies. These policies were to be kept in force until the death of the assured and the plaintiff agreed to pay all the premiums and assessments. From the proceeds of the insurance, he was to be reimbursed the amount advanced by him, with ten per cent interest, (the legal rate in the state of Michigan, where

the contract was made), and, in addition, he was to receive the sum of $5,000 ; the remainder of the insurance moneys being payable to the children of the assured.   This contract was so far carried out that, upon applications signed by the deceased, the plaintiff procured the issuance of four policies, aggregating in amount $25,000, by the Massachusetts Benefit Association, the National Benefit Society and the Equitable Reserve Fund Life Association ; the children being, alone, named as beneficiaries in two policies issued by the first-named company and, in those issued by the two latter companies, being jointly named with the plaintiff, who was described as nephew and creditor. The plaintiff performed his agreement to keep the policies in force by the payment of all premiums, or assessments, and, when the two last-named insurance companies failed, in 1889, he procured to be issued, still carrying .out the contract, two other policies in their place ; one of which, for $10,000, is the one involved in this action.   In renewing, however, that particular insurance, the policy was made payable to the plaintiff, or his assigns.   At the death of the assured, the policies of life insurance were in force and $15,000 of their amount have been paid over by the other two insurance companies. The plaintiff collected $5,000, the amount of one of the other policies, and from the proceeds of the other policy for $10,000, he has received with the assent of, or from, the Reed children a sum of money sufficient to reimburse him for his payments of premiums upon the insurance policies, other than the one in question.   The Reed children being in this action as parties, the judgment distributed between them and the plaintiff the amount found due upon this policy ; giving to the latter so much of it as would reimburse him for what premiums, or assessments, he has advanced thereon.

It is argued for the appellant company that the plaintiff had no insurable interest in the life of the assured and that the policy issued by it was, therefore, void.   As nephew of the deceased, he, certainly, had no insurable interest ; but he represented in himself other interests.   The application for the policy represented him to be a creditor of the applicant

upon whose life the insurance was solicited.   Whether, if this
had been the mere contract of the assured with the company,
the policy, in such case, would have been valid without refer-
ence to the insurable interest of the appointee, or payee, in
the life assured, presents a question, not difficult to answer,
upon authority, or upon principle.   A life insurance policy is
not a contract of indemnity ; it is a contract to pay a sum of
money upon the death of the assured, in consideration of cer-
tain payments being duly made at fixed periods during his
life.   If the insurance is made upon the application of one
who has no insurable interest whatever in the life insured, it
is a wager policy, that is to say, a speculative contract, which
the law condemns.   But a person may insure his own life and
provide in the contract of insurance that the money shall be
payable to any one whom he may appoint, or assign the
policy to.   What will distinguish the one contract from the
other is the fact as to the party actually contracting with the
insurer and the distinction is substantial and controlling
accordingly.   (See *Rawls* v. *American Mut. L. Ins. Co.*, 27
N. Y. 282–287 ; *Valton* v. *Nat. Fund L. Assur. Co.*, 20 ib.
32–38 ; *Olmsted* v. *Keyes*, 85 ib. 593–598 ; and *Dalby* v.
*India, etc., Assurance Co.*, 15 C. B. 365.)

In this case, I think we must hold, upon the facts as they
have been found, that the insurance was applied for and was
effected by the plaintiff ; but, also, that he had an insurable
interest in the life to be insured.   In the first place, it appears
that all of the insurance was procured in pursuance of the
contract between the plaintiff, the assured and his children.
It was to be maintained by the plaintiff for their benefit and
they were to be named as the beneficiaries ; but the plaintiff
was to be compensated by the repayment from the proceeds
of the policies of the amount of his advances of premiums,
or assessments, with interest, and by the payment of a sub-
stantial sum in addition.   This and the other policies, therefore,
were based upon the insurable interest of Reed's children,
who were represented, and financially assisted, by the plaintiff.
By their agreement, he acted for them and he could be held

to the performance of the contract, if necessary, as their trustee. In causing the present policy to be issued in his name, alone, the fact of the insurable interest was in no wise affected ; for the finding is that it was procured in pursuance of the contract. In the second place, however, the plaintiff, personally, did have an insurable interest as a creditor of the assured, when this policy issued. It is the fact, and it is so found, that, at the time, he had already advanced and paid the premiums, or assessments, upon the $25,000 of life insurance, taken out some two years previously. To the extent of his payments, he was, under the contract, a creditor of the assured. It did not affect the fact of the personal indebtedness that the plaintiff might be repaid from the proceeds of the insurance. The assured was a debtor for the premiums paid by the plaintiff to maintain the insurance on his life. If there was an insurable interest in the plaintiff when this policy issued, the legal liability of the company is established and it is of no consequence that the plaintiff's interest, as a creditor, was less than the amount of the policy. (See *Olmsted* v. *Keyes, supra ; Wright* v. *Mutual Ben. Life Association,* 118 N. Y. 237.) The Reed children have been brought into the action, (and this upon the express consent of the company), and their rights could be, and they were, adjusted, without prejudice to the company. (*Wright* v. *Mutual Ben. Life Association, supra.*) The policy having been validly issued and the plaintiff having procured it pursuant to the agreement that he should do so for the benefit of the Reed children, the insurer is not in a position to complain that others than the payee named are entitled to some of the insurance moneys. If the Reed children had not been brought into the action, the plaintiff could have collected the insurance moneys and he, then, would have held their portion as a trustee. On this phase of the case, I find no reason for disturbing the judgment below.

It is contended that the policy lapsed by reason of the non-payment of certain premiums. The trial court has found that the plaintiff paid all the premiums, or assessments, down

to January 12, 1895, about a year before the death of the assured, and that the company refused to accept the premium which was due, and which was tendered to it, on that date. It seems that the refusal of the company was upon the ground that the tender of the premium was made too late; but the finding, as to that fact, is that it was duly tendered. It is argued, however, that the subsequent premiums should have been paid, or tendered, and that the failure to do so caused the policy to lapse. The refusal of the company to accept the premium due in January, 1895, was a perfectly good reason for not offering to pay subsequent premiums. If the company's refusal had a legal basis, the contract of insurance was at an end by reason of the violation of the terms of the contract. Its attitude was, and has continued to be, one of repudiation of its obligation to the plaintiff. After its refusal, he was not required to perform the vain and useless act of making further tenders on recurring premium dates. (*Shaw* v. *Republic Life Ins. Co.,* 69 N. Y. 286–293; *Hayner* v. *Am. Popular Life Ins. Co.,* Ib. 435–439; *Miesell* v. *Globe Mut. Life Ins. Co.,* 76 ib. 115, 120.) Provision was sufficiently made in the judgment for the deduction of unpaid premiums, with interest thereon to the date of the death of the assured, from the amount of the policy. (*Meyer* v. *Knickerbocker Life Ins. Co.,* 73 N. Y. 516, 528.)

I think that the objection of the company to the award of two bills of costs against it, one to the plaintiff and another to the Reed children, is good. The plaintiff was entitled to his costs, as of course; but I can perceive no legal reason for awarding another bill to the Reed defendants. The action was not in equity, where costs might be awarded in the discretion of the court. It was at law upon a single contract of insurance running to the plaintiff. If he was not, individually, entitled to all of the moneys due upon it, he would receive and hold them as trustee for the Reed children. Their intervening did not change the character of the action. If they voluntarily came into it, however convenient for purposes of adjustment, or as a measure of protection, it would be unjust

and without authority in the statute, so far as I am aware, to compel the company to pay to them an additional bill of costs and an allowance. (See *Roberts* v. *N. Y. Elev. R. R. Co.*, 155 N. Y. 31, 39.) Whether they were in or out of the action, their rights were worked out through the plaintiff, under the contract which I have heretofore spoken of.

No other questions, in my opinion, require consideration by us. I advise that the judgment appealed from should be modified by striking therefrom the award of costs and of an allowance to the defendants Reed and Davidson and that, as so modified, the judgment should be affirmed; without costs in this court to either party as against the other.

CULLEN, Ch. J., O'BRIEN, WILLARD BARTLETT and CHASE, JJ., concur; VANN, J., concurs in result; WERNER, J., absent.

Judgment accordingly.