# THE

# New York Supplement

## VOLUME 115

---

### MILES v. CASUALTY CO. OF AMERICA.

(Supreme Court, Trial Term, Cayuga County. February 20, 1909.)

1. INSURANCE (§ 559*)—PROOFS OF LOSS—WAIVER—DENIAL OF LIABILITY.

The right to proofs of loss is waived by the insurer's absolute denial of liability on the ground that the policy was void from its inception.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1391; Dec. Dig. § 559.*]

2. INSURANCE (§ 623*) — ACTIONS ON POLICIES — LIMITATIONS — TIME BEFORE WHICH ACTION CAN BE BROUGHT.

An absolute denial of liability on a disability policy precludes the insurer from insisting on a stipulation in the policy that suit shall not be brought until after the expiration of a time named, and the assured may sue at once.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1551; Dec. Dig. § 623.*]

3. INSURANCE (§ 645*)—ACTIONS ON POLICIES—ISSUES.

The defense that an action on an insurance policy was prematurely brought is not available under an answer denying liability, but omitting to raise such defense.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1634; Dec. Dig. § 645.*]

Action by B. T. De Witt Miles against the Casualty Company of America. Motion by plaintiff for a general verdict on facts found by the jury, and motion by defendant for a new trial. Judgment ordered for plaintiff.

John L. Hunter, for plaintiff.
Teller & Hunt, for defendant.

BENTON, J. Action upon an insurance policy. The action was tried at the January term of this court. Motion was duly made to nonsuit plaintiff and direct verdict in defendant's favor. These questions of law were reserved, and pending their decision questions of fact raised by the pleadings were submitted to the jury and were all answered in plaintiff's favor. A motion was thereupon made by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

115 N.Y.S.—1

plaintiff for a general verdict, and by the defendant a motion was made to set aside the verdict and for a new trial.

The policy was a disability policy, and was issued on or about July 5, 1905. The premium therefor, $6, was paid by the plaintiff. Among other provisions it contained this:

"(g) Blindness and Paralysis Indemnity. · In case the assured shall during the term of this insurance, contract any disease that shall not result in death, but shall result, independently of all other cases, within one year from the date of this insurance in the irrecoverable loss of the sight of both eyes or in permanent paralysis, whereby the assured shall entirely lose the use of both hands or feet, or one hand and one foot, and is thereby rendered permanently unable to engage in any occupation for wages or profit, the company will pay to him upon filing at the company's home office of satisfactory proofs of the continuance of such blindness or paralysis for fifty-two (52) consecutive weeks, one-half the principal sum."

The principal sum of said policy was $5,000.

On September 12, 1905, plaintiff was stricken with paralysis. The jury have found this as a fact within the definition and terms, of the policy. Thereafter and prior to the month of May, 1906, the defendant canceled the policy as of its date of issue, returned the premium to the plaintiff, and on the 26th of May, 1906, wrote that the policy had no force, plaintiff had no claim, and that the incident was closed as far as the company was concerned.

Thereafter, and on September 4th, this action was begun by the service of a summons upon the defendant. The complaint, however, was not served until about the 21st of April, 1907, and sets forth the cause of action under the clause of the contract relating to permanent paralysis above quoted.

Defendant answered upon the merits, and alleged false representation, breach of warranty, full payments, etc., and nowhere stating that the action was prematurely brought. That question has never been raised apparently until the time of the trial. The clause required that satisfactory proof of the continuance of the paralysis for 52 consecutive weeks must be filed at the company's home office. They denied any liability whatever to the plaintiff, and alleged that the policy was void from its inception. This absolved plaintiff from the necessity of filing this proof, because defendant had told him that the incident was closed, that it would do him no good to file any proofs, and they would have nothing whatever to do with it.

Both law and reason combine in allowing plaintiff to establish his right by action immediately and without waiting for the useless formality of serving these proofs which the company by its action had waived and had substantially told him it would be useless so to do. A long line of cases is cited by plaintiff's attorney in many jurisdictions establishing such waiver and his right to bring the action. "The refusal of the company to accept the premium due in January, 1895, was a perfectly good reason for not offering to pay subsequent premiums. If the company's refusal had a legal basis, the contract of insurance was at an end by reason of the violation of the terms of the contract. Its attitude was and has continued to be one of repudiation of its obligation to plaintiff. After its refusal, he was not required to perform the vain and useless act of making further tenders

on recurring premium dates"—citing cases. Reed v. Provident S. L. E. Society, 190 N. Y. 111, 82 N. E. 734. "If the defendant through its proper officers had issued a policy of insurance and after a loss under the same had denied its liability on the ground that it never made any such contract, it would be a distinct waiver of the right to demand proofs of loss." Hicks v. British American Insurance Co., 162 N. Y. 284, 56 N. E. 743, 48 L. R. A. 424. "If the defendant repudiated the contract to issue the policy, it repudiated its conditions, and therefore cannot without showing that it retracted its repudiation insist upon the subsequent performance by the insured of any one of them as a condition precedent to his recovery of the damages accruing to him then or thereafter by the completed breach itself. The defendant did not retract the repudiation, but by its answer repeated and confirmed it." "It would be useless for the plaintiff to serve proofs of loss in order to charge the defendant with liability under a contract which it repudiated altogether and to hold otherwise would be to absolve the offender and punish its victim." Hicks v. B. A. Ins. Co., supra.

It is also claimed that the action is prematurely brought, inasmuch as 52 weeks from September 12, 1905 would carry it to September 12, 1906, and the summons was served on September 4, 1906. In Baumiller v. Workingmen's Co-operative Association, 9 Misc. Rep. 157, 29 N. Y. Supp. 26, the judgment was challenged on the ground that the action was prematurely brought before the expiration of the 30 days allowed by the policy, and it was held that this was an affirmative defense of which plaintiff could not avail himself under his general denial. It was waived by answering the complaint which was served long after the 52 weeks had expired. It would have been competent for plaintiff to have brought his action at any time after defendant's absolute denial of liability under the policy. I hold that both the unqualified denial of liability by the defendant and also by omitting to raise the point in his answer he is now precluded from any such technical defense.

Plaintiff's claim is a just one, absolutely denied by the defendant, not on the ground of failure to comply with the insurance contract, but on the ground that there never was such a contract. Such contract having been established by the verdict of the jury and all material matters of fact having been found by them in plaintiff's favor, a general verdict must now be directed for plaintiff and judgment ordered for him for $2,500 with interest from September 12, 1906, together with his costs of this action.

Defendant's motion to set aside the verdict and for a new trial is denied, with $10 costs to plaintiff.