(63 Misc. Rep. 429.)

BARRETT v. GRAND LODGE A. O. U. W. OF STATE OF NEW YORK.

(Supreme Court, Special Term, Monroe County.   May 31, 1909.)

1. INSURANCE (§ 719*)—BENEFIT INSURANCE—AMENDMENT OF BY-LAWS—PRO-
HIBITION OF LIQUOR BUSINESS—VESTED RIGHTS UNDER CERTIFICATES.
Where, at the time a member joined a beneficial insurance association,
its by-laws did not prohibit him from engaging in the liquor business, an
amendment thereafter to that effect, when he was in good standing and
without his consent, would not deprive him and his beneficiary of their
vested rights under his certificate.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855;  Dec.
Dig. § 719.*]

2. INSURANCE (§  754*)—BENEFIT  INSURANCE—PAYMENT  OF  ASSESSMENTS—
WAIVER OF RIGHT TO DEMAND.
A benefit insurance order, by wrongfully refusing to accept payment of
an assessment from a member in good standing on the ground that his
certificate was void, waived the right to demand tender of future assess-
ments and forfeit his certificate for failure to pay the same.
[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 754.*]

3. INSURANCE (§ 789*)—BENEFIT INSURANCE—WAIVER OF FORMAL PROOFS OF
LOSS.
By the same act it waived the right to demand formal proofs of loss
in case of death.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. 1965;  Dec. Dig.
§ 789.*]

4. PLEADING (§ 427*)—ISSUES AND PROOF—NECESSITY OF OBJECTION ON TRIAL.
Where no objection was made to evidence of a particular fact affecting
the rights of the parties, it cannot be claimed, on a motion to dismiss the
complaint at the close of the evidence, that it was not sufficiently broad
to permit such proof.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1428–1432;
Dec. Dig. § 427.*]

5. INSURANCE (§ 754*) — BENEFIT INSURANCE — LIABILITY ON CERTIFICATE —
MEMBER ILLEGALLY SUSPENDED.
A benefit insurance order cannot escape liability on a member's certifi-
cate because the deceased member did not apply for reinstatement in the
order after an illegal and improper attempt to suspend him for nonpay-
ment of dues, which he was not required to tender after the wrongful
refusal to accept a tender of an assessment when he was in good stand-
ing, and after it had illegally declared his certificate forfeited.
[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 754.*]

Action by Mary Barrett against the Grand Lodge of the Ancient
Order of United Workmen of the State of New York on a life in-
surance certificate.   Motion to dismiss the complaint denied, and find-
ings ordered to be submitted, and judgment entered for plaintiff.

Jay K. Smith, for plaintiff.
Frederick Howard, for defendant.

CLARK, J.   The defendant is a benevolent insurance corporation
organized under the laws of the state of New York, and on or about
the 1st day of April, 1884, James Barrett, husband of this plaintiff,
became a member of the defendant through one of its subordinate
lodges, and a certificate of membership was issued to him, insuring

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his life in the sum of $2,000, payable to his wife, this plaintiff. He kept up his regular assessments to September, 1905, when his wife went to a Mr. Webster, residing at Leroy, N. Y., whose duty it was to receive money paid on assessments in the local lodge of this defendant as said moneys would be paid in by the members. Plaintiff's husband was a member of the Leroy Lodge, and for a number of years his monthly assessments had been paid to that lodge and to Mr. Webster, who was acting as receiver of the money at Leroy for this defendant. All payments had been made up to and including the assessment of July, 1905, and the August assessment of that year became due on or about the 10th day of September. As had been her custom, the plaintiff, for her husband, went to Mr. Webster's office between the 1st and the 10th of September, 1905, and duly tendered to him the full amount of the August assessment, which was due on or about September 10th. Mr. Webster refused to accept the money, claiming that plaintiff's husband had recently gone into the liquor business, keeping a hotel at Batavia, and that his certificate was void because of that fact, and that he had been barred out of the Grand Lodge. No further payments were tendered and on November 30, 1905, James Barrett, plaintiff's husband, died. Through her attorney she notified the defendant, or James H. Taggart, who was at that time Grand Master of said order, with headquarters at Buffalo, N. Y.; but no blanks were ever furnished to plaintiff or to her attorney for the purpose of making more formal proofs of her husband's death, and no request was ever made of the plaintiff to make any additional proofs.

The defendant had never, previously to September, 1905, refused to accept the assessments, which were regularly paid by Mr. Barrett, and no objection had been made to receiving the moneys until the fore part of September, 1905, when the plaintiff tendered to Mr. Webster, the person who usually receives such payments at Leroy, the moneys for the August assessment, and he refused to receive them for the reasons above stated, to wit, that Mr. Barrett had gone into the hotel business. The Leroy Lodge, of which Mr. Barrett was a member, attempted to suspend him from the lodge on the alleged ground that he had failed to pay his assessments, and on no other ground; but no notice of such suspension was ever received by Mr. Barrett, so far as disclosed by the record, and he made no application to be reinstated in the lodge. Notices of assessments were made and sent to Mr. Barrett right down to December, 1905; but no payments were tendered after the plaintiff had made the tender of the money for the August assessment and Mr. Webster refused to accept the money.

There is no question but that James Barrett was a member of the Leroy Lodge, a branch of this order, and that all of his assessments had been paid regularly up to the time that his wife tendered payment of the August assessment in the fore part of September, 1905, to Mr. Webster, who refused to receive it, giving as his sole excuse that plaintiff's husband had gone into the liquor business. At the time plaintiff's husband joined this order there was no provision in the defendant's by-laws prohibiting a member from engaging in the liquor business, and the amendment of its by-laws, inserting such a prohibi-

tion, long after Mr. Barrett joined the order, and when he was in good standing, and without his consent, would be ineffectual to deprive him and his beneficiary of their vested rights under that certificate. Ayers v. Grand Lodge, etc., 188 N. Y. 280, 80 N. E. 1020. Mr. Webster had no right to refuse to accept the money, which was seasonably tendered; and the refusal to accept the assessment for August, 1905, was a good and sufficient reason for Mr. Barrett's not offering to pay any subsequent assessments. The defendant, without a shadow of right, had refused the money that Mr. Barrett offered to pay his assessment, and it took the position of utterly repudiating its obligation to him. After such refusal, Mr. Barrett was not required to perform the "vain and useless act of making further tenders." Reed v. Provident Savings Life Ins. Co., 190 N. Y. 120, 82 N. E. 743.

After the defendant had thus improperly, and for no legitimate reason, refused to accept the money seasonably tendered to pay Mr. Barrett's August assessment, and before any other assessments were due or had even been levied, the local lodge attempted to suspend him for nonpayment of an assessment which its own finance keeper had improperly refused to accept; and now the defendant takes the position that the plaintiff cannot recover here for the reason that her husband did not pay an assessment which he tendered and which the defendant improperly refused to accept, and because he did not keep on tendering payment the certificate was forfeited and was not in force when he died. I do not believe that the defendant can escape liability in any such way, when the default in payment of assessments was clearly owing to the fact that the defendant had improperly refused to accept the money. The defendant denied any liability whatever to this plaintiff, claiming that the policy was forfeited, when in fact it was not forfeited because of any act or omission of James Barrett. Defendant refused to accept the money seasonably tendered to pay the August assessment, and that without a shadow of right, and Mr. Barrett was absolved from making further tenders, and the plaintiff was also absolved from the necessity of filing any formal proof of her husband's death. Miles v. Casualty Co., etc. (Sup.) 115 N. Y. Supp. 1.

When Mr. Barrett, through his wife, this plaintiff, seasonably tendered the money to the duly authorized agent of this defendant at Leroy, to pay the assessment of August, 1905, and that official improperly refused to accept the money, and told plaintiff that they had barred her husband out of the lodge, the defendant in effect told Mr. Barrett that so far as his certificate was concerned the incident was closed, it was forfeited because he had gone into the liquor business, and that they would have nothing whatever to do with it. The attitude of this defendant was at that time, and continued to be, one of repudiation of its obligation to Mr. Barrett; and, when the defendant thus improperly repudiated its certificate issued to him, it repudiated all its conditions, and Mr. Barrett was not obliged to make further tenders of assessments, nor was this plaintiff obliged to serve formal proofs of her husband's death in order to charge the defendant with liability under its contract. In other words, by improperly refusing to accept the assessment for August, 1905, which Mr. Barrett season-

ably offered to pay and tendered, it waived the right to demand tender of payment of future assessments, and also waived the right to demand formal proofs of loss. Hicks v. British America Assurance Co., 162 N. Y. 304, 56 N. E. 743, 48 L. R. A. 424.

The learned counsel for the defendant asserts that it was improper to receive testimony tending to establish a waiver of the conditions of the certificate. Whatever evidence was received on that point was not objected to by the defendant, and it cannot now be claimed that the complaint was not sufficiently broad to permit such proof as was received. Nor can the defendant escape its liability here by taking the position that after the Leroy Lodge had attempted to suspend Mr. Barrett for nonpayment of dues he failed to apply for reinstatement in the order. However simple that process may have been, according to the regulations of the order, he was not obliged to apply for reinstatement in an order which had illegally and improperly attempted to suspend him.

The case of Schoeller v. Grand Lodge, 110 App. Div. 456, 96 N. Y. Supp. 1088, is not a controlling authority here, because the facts are not at all similar to the facts in this case. There the son of the insured was sent to the treasurer's house with the money to pay an assessment, but, not finding him, returned the money to his father, who never thereafter attempted to make a payment, and consequently there was never a refusal to accept the money, for it had never been offered to the treasurer; he being absent when the boy was at his house for the purpose of making the payment. Here it is undisputed that the insured, as was his custom, sent his wife to the treasurer of the local lodge, or the man whose business it was to receive such assessments, and actually and in season tendered the amount of the August assessment, and that official refused to receive the money for no proper or legitimate reason.

The husband of this plaintiff having properly paid to the defendant the assessments which had been levied under his certificate, regularly, up to and including July, 1905, and having seasonably tendered the defendant the amount of the August assessment of that year, and the defendant illegally and improperly refused to accept the money thus tendered, and through its subordinate lodge at Leroy having illegally and unlawfully suspended plaintiff's husband, and having illegally declared his certificate of insurance forfeited, he was not obliged to take proceedings for reinstatement in an order from which his name had been improperly dropped, and the rights of his widow, the beneficiary under the certificate which was issued to him, were in no way impaired, and the plaintiff is entitled to judgment against the defendant in the sum of $2,000, with interest from November 30, 1905 (the date of the death of her husband), less the assessments under the certificate in question for the months of August, September, October, November, and December, 1905, together with the costs of this action; and defendant's motion for dismissal of the complaint is denied.

Findings may be submitted and judgment entered in accordance with the terms of this decision.