EDWARD GROSSMAN, Appellant, *v.* LONDON GUARANTEE AND ACCIDENT COMPANY, LTD., Respondent.

Supreme Court, Appellate Term, First Department, March 6, 1925.

Insurance — accident insurance — action to recover on policy of accident insurance under which plaintiff, as member of travel club, paid premium to club on policy issued to it for its members — defendant canceled policy for inability of club to pay over premiums — notice of cancellation sent to club under clause in policy permitting defendant to cancel policy by written notice to club — said clause violates Insurance Law, § 107 — plaintiff not required to file proof of loss.

A clause in an accident insurance policy, by which members of a travel club were insured, the premiums on the policy being paid by each individual member

and the club merely acting as an agent for the insurance company in the collection and paying over of said premiums, which provides that the policy may be canceled at any time by the company by giving five days' written notice to the said club and further provides that cancellation of the policy shall have the effect of canceling the insurance as to every member and that notice of cancellation in writing delivered to the said club or mailed addressed to the club shall be a sufficient notice, violates the provisions of section 107 of the Insurance Law which permit the insurer to cancel a policy of insurance " at any time by written notice delivered to the insured or mailed to his last address," and is a direct contravention of the said statute which expressly forbids such a substitution for the purpose of notice of cancellation as adopted in the defendant's policy.

Accordingly, plaintiff is entitled to judgment, in an action to recover upon a policy of accident insurance taken out by him as a member of a travel club and upon which he had paid his premium to the club under the policy issued to it for its members, where it appears that by reason of the club's inability to pay over the premiums collected from its membership, the defendant, under the terms of the policy, canceled all the insurance of the members, including that of the plaintiff, by a notice of cancellation sent to the club itself, and that though defendant knew plaintiff's address, no notice of cancellation of the policy was sent him directly or indirectly.

The *plaintiff is not called upon to file proof* of loss or otherwise comply with the provisions of the policy in order to sustain a recovery, for to do so would be futile, since the defendant concedes that immediately upon presentation of the plaintiff's claim it was rejected on the ground that his policy had been canceled by the mailing of a written notice addressed to the club.

APPEAL by plaintiff from judgment of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District, dismissing complaint.

*Charles Braunhut*, for the appellant.

*William Butler*, for the respondent.

McCook, J.:

In an action to recover on an agreement of indemnity contained in a policy of accident insurance, the defendant insurer pleaded among other things cancellation and failure to file proof of loss. These are the two important matters of controversy and since each must in our opinion be resolved in favor of the appellant, it is unnecessary to examine minor questions.

Plaintiff was a member in good standing of the Travel Club of America. He had paid his premium to the club under the policy issued to it for its members and was the holder of a certificate. On account of financial difficulties, the club failed to forward to defendant the premium moneys paid in by plaintiff and its other members and the defendant for that reason sought to cancel all the insurance of members by a notice of cancellation sent to the club itself. Concededly no notice of cancellation was sent, directly or indirectly, to the plaintiff, although defendant knew the plaintiff's

address or had access to it under the policy of insurance in question. The main matter to be determined is whether the notice given by defendant to the club was sufficient to defeat plaintiff's claim in this action.

It is not disputed that any claim of plaintiff recoverable under the policy would be payable directly by the insurer to him; he and not the Travel Club of which he is a member was the assured. For the purpose of collecting and paying over premiums the club was the agent of defendant. (*Matter of Brown* v. *Order of Foresters,* 176 N. Y. 132; *Riess* v. *Supreme Conclave I. O. H.,* 177 App. Div. 845.) Nevertheless, defendant seeks to escape the duty of giving plaintiff notice of cancellation under a clause of the policy which reads as follows: " This policy may be cancelled at any time by the said Club upon written notice to the Company stating when thereafter cancellation shall be effective. The Company may cancel the policy or cancel the insurance on any Member at any time by five days written notice to the said Club. Cancellation of the policy shall have the effect of cancelling the insurance as to every Member. Notice of cancellation (of the policy or of the insurance on any Member) in writing delivered ·to the said Club or mailed addressed to the said Club at the address herein given shall be a sufficient notice, and the check of the Company or of its authorized agents similarly mailed or delivered as soon as the amount of unearned premium has been ascertained by the Company shall be sufficient tender of the unearned premium." Evidently, apart from the question of timeliness, the method provided in this clause was followed by defendant in the case before us. Is such a provision valid? We hold not.

Without considering the general principles of right and justice, expressed in the reports or based on reason and analogy, which have been here argued, we are of opinion that section 107 of the Insurance Law of the State of New York determines this point against the clause of the policy and in favor of the plaintiff's contention. This section prescribes the standard provisions for accident and health policies and reads in part as follows:

" Subd. (d). No such policy shall be so issued or delivered which contains any provision (1) relative to cancellation at the instance of the insurer * * * unless such provisions which are hereby designated as optional standard provisions, shall be in the words and in the order in which they are hereinafter set forth. * * *

" The insurer may cancel this policy at any time by written notice delivered to the insured or mailed to his last address. * * *."

If the meaning of these extracts is what it appears to be, they

forbid precisely the kind of a substitution for the purpose of notice of cancellation adopted in the defendant's form of policy. No authority is required to satisfy us that an insurer cannot in any such fashion defeat a plain enactment of the Legislature.

The defendant concedes that immediately upon presentation of the plaintiff's claim it was rejected on the ground of cancellation, that is, the attempted cancellation addressed to the club. Defendant's counsel upon the trial expressly stated: "We did not make any investigation here; we relied on our rights that the policy was cancelled." Under such circumstances the assured is not required to file a proof of loss or otherwise comply with policy provisions, for to do so would be useless. (*Miles* v. *Casualty Co. of America*, 115 N. Y. Supp. 1; affd., 136 App. Div. 908; also affd., with slight modification as to pleading, 203 N. Y. 453.)

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, McCOOK and PROSKAUER, JJ.