ELIZABETH M. GARRISON, as Executrix of ROY A. GARRISON, Deceased, Respondent, v. JEAN E. GARRISON, Appellant.

Third Department, March 21, 1956.

*John F. Forner, Jr.,* for appellant.

*Francis H. Trombly* for respondent.

*Per Curiam.* Respondent's testator Roy A. Garrison and appellant Jean E. Garrison were at one time husband and wife. Following their separation, they entered into an agreement, dated May 23, 1947, which provided, among other things, that the husband, in satisfaction of his present and future liability for support, would transfer to the wife certain enumerated items of property and, in addition, would pay to her $190 per month for a period of five years from the date of the agreement, or until her remarriage within that period, the provision for such monthly payments being followed by this language: " In addition to all of the above the First Party agrees to continue in effect life insurance upon his life for the benefit of the Second Party, as per Schedule D hereto annexed and made a part of this agreement, for a period of five (5) years from the date of this agreement, or until the remarriage of the Second Party if the Second Party should remarry within five (5) years from the date of this agreement ".

On July 12, 1947, a judgment of divorce was entered in the District Court of the State of Nevada in an action wherein testator was plaintiff and appellant was defendant. The agreement of May 23, 1947, was made a part of the judgment. Some time thereafter testator became married to Elizabeth M. Garrison, who, as executrix, is plaintiff and respondent here.

Testator died on November 10, 1951, before the expiration of the stipulated five-year period. At that time appellant was the named beneficiary of a policy of insurance in the Prudential Insurance Company of America upon the life of testator, that policy being one of those designated by the agreement of May 23, 1947, and the proceeds thereof being the subject of this action. The second policy referred to in the agreement is the subject of another action between these same parties and an appeal from the judgment therein has been heard and decided. (See 1 A D 2d 913.)

At the time of testator's death, all monthly payments then due appellant had been made and the monthly payments to become due her thereafter and until the termination of the five-year period stipulated in the agreement aggregated $1,140. The judgment appealed from directed payment to appellant of

$1,140 from the proceeds of the life insurance and directed payment of the balance of such proceeds to the respondent executrix.

The judgment adopted respondent's theory of the action, as set forth in her amended complaint, and found, in substance, that the parties to the agreement intended "that the life insurance to be maintained by Roy A. Garrison was to be paid to the said Jean E. Garrison only to the extent that she did not receive full payment of the monthly payments of $190.00 each ". The judgment held further that the provision as to the insurance, "except as a guarantee for the payment to said Jean E. Garrison of the monthly payment of $190.00 per month for a period of five years or until her remarriage during said five-year period, would constitute a wagering contract, is against public policy and void."

The language first above quoted from the agreement seems to us so clear and free from ambiguity as to interdict the reception of evidence tending to contradict it and thus to establish a supposed intent contrary to that expressed in the agreement and to give to the language chosen by the parties, each represented by counsel, a meaning quite beyond its ordinary acceptation. It was error, therefore, to receive in evidence a letter written by appellant's attorney to the attorney representing testator about three weeks before the execution of the agreement, which letter set forth appellant's demands with respect to the proposed separation agreement, including a demand for a provision that testator continue in effect life insurance in the sum of $7,500 for the benefit of appellant during the five-year period or until the date of her remarriage, "for the purpose of protecting and guaranteeing the payments during the five year period ".

While not material here, it may be observed that although the agreement at which the parties finally arrived was more advantageous to appellant insofar as insurance was concerned, in other respects certain of its provisions were less favorable to her than the suggestions advanced in her attorney's letter. For example, the agreement provided for monthly payments of $190 rather than $250 and for maintenance of insurance of $5,300 (actually less, by reason of a policy loan) instead of the $7,500 insurance originally suggested to be maintained by way of guaranty. Hence if the letter had been competent for any purpose, its content would have been of doubtful probative force.

Respondent contends that appellant had no insurable interest at the time, subsequent to the divorce, when testator, in per-

formance of the agreement and of the judgment embodying it, caused appellant to be named as beneficiary. It is clear, however, that the existence of an insurable interest was in no way essential to the validity of either a change of beneficiary or an assignment of the policy inasmuch as the insurance had been effected, and the change of beneficiary was made, by the insured himself. (Insurance Law, § 146, subd. 1; *Reed* v. *Provident Sav. Life Assur. Soc.*, 190 N. Y. 111.)

It follows that appellant was properly named as, and remained the beneficiary of, the policy and is entitled to the proceeds thereof.

Accordingly, the judgment should be reversed, the amended complaint dismissed and judgment rendered in favor of appellant on her counterclaim.

BERGAN, J. P., COON, HALPERN, ZELLER and GIBSON, JJ., concur.

Judgment reversed, on the law and facts, the amended complaint dismissed, and judgment rendered in favor of the appellant on the counterclaim, with costs.

Settle order on notice.